G. M. GIBBS, Ex'r *vs.* THOMAS C. FULLER, *et al.*

1. Where a suit was brought in the name of A. B. guardian *vs.* C. D., and was stated on the docket in the name of A. B. g., sometimes in the name of A. B., and sometimes A. B., Ex'r, or Adm'r, and after the death of plaintiff, suggested and his personal representative was made a party, it continued on the docket in the same name, until judgment was rendered, which was in favor of plaintiff for debt and costs, held, that though the clerk, as a mere index or memorandum, continued to state the case on the docket as it had stood before, yet as it was the same case, it was a judgment in favor of the personal representative.

2. When a plaintiff in his complaint, purports to set out a judgment between certain parties, and defendant pleads *nul tiel record,* and it appears from an examination of the record, with *reasonable certainty* that the judgment and record are the same, held, to be sufficient.

3. The Supreme Court, cannot reverse the finding of a judge below, upon the facts, yet they have a right to reverse his rulings upon the legal effect and operation of a record.

4. After judgment, the statutes of amendment cure defects arising from "mistake in the name of any party or person, or for any informality in entering judgment, or in making up a record" Rev. Code, ch. 3; and "no variance between allegation and proof shall be material, unless it has misled." C. C. P., sec. 128.

This was an action brought upon a former decree of the Court of Equity, of Cumberland county, tried before Russell, Judge, at Fall Term 1871, of Sampson Superior Court.

The facts necessary to an understanding of the case are fully stated in the opinion declared by the Court.

Under instructions from His Honor, a verdict was rendered for the defendants. Judgment and appeal by plaintiff.

*James C. McRae, and Strange* for plaintiff.
*Fuller & Fuller* for defendants.

G. M. Gibbs, Ex'r *v.* Thomas C. Fuller.

Reade, J. Suit was commenced in the name of Robert W. Gibbs, guardian *v.* Thomas I. Curtis and others, and in 1860 continued from term to term, until Fall Term 1861, when the death of the plaintiff was suggested, and George M. Gibbs, his executor, made party plaintiff.

Prior to this time, the case was sometimes stated upon the trial docket, Robert W. Gibbs, guardian *v.* Thomas I. Curtis and others ; and sometimes Robert W. Gibbs *v.* &c. and at another time, Robert W. Gibbs adm'r, *v.* &c. But still it was all one and the same case.

After George M. Gibbs, executor, was made a party, the case was still at subsequent terms, stated on the trial docket, R. W. Gibbs *v.* &c., until Fall Term 1864, when there was judgment in favor of the plaintiff for debt and cost.

The question is, in whose favor is the judgment ? Is it in favor of Robert W. Gibbs, the dead man, whose death had been suggested, because his name had been continued on the trial docket, or is it favor of George M. Gibbs, the representative, who had been made party, but whose name was not upon the trial docket, but who had been made party plaintiff in the cause?

Evidently the judgment was in favor of George M. Gibbs, the representative, who had been made party plaintiff. It is sticking in the bark, to say, that because the clerk continued to state the case upon the trial docket, as it had stood before, as a mere index or memorandum, the judgment was in favor of the deceased, and not in favor of his representative.

We are of the opinon, therefore, that the judgment rendered at Fall Term 1864, was a judgment in favor of the present plaintiff as the representative of Robert W. Gibbs deceased.

That being so, then it is alleged by the defendants that the plaintiff cannot recover in this case, because the allegation in the complaint is, that the judgment at Fall Term 1864, was in favor of Robert W. Gibbs, and not in favor of the plaintiff in this case, George M. Gibbs.

G. M. Gibbs, Ex'r *v.* Thomas C. Fuller.

This defense is to be considered as in the nature of a plea of *nul tiel record*, to be decided by the record itself, and the construction of the record, was, a question for His Honor.

We do not understand that there was any question as to the authenticity or the terms of the record, but only as to its construction. Was the judgment offered in evidence, the judgment set forth in the complaint? His Honor held that it was not, and instructed the jury, "that the plaintiff had failed to prove his first allegation." And thereupon the jury rendered a verdict for the defendant.

The question is, was His Honor right?

It is true, as we have already shown, that the judgment at Fall Term 1864, was substantially a judgment in favor of the present plaintiff, as the representative of Robert W. Gibbs, deceased.

And it is true, that the complaint in this case states, that the judgment in 1864, was in a suit "between Robert W. Gibbs, plaintiff, and Thomas I. Curtis and others defendants;" and therefore it must be admitted that the judgment shown by the record as we have construed it, is not precisely, and in so many words described in the complaint; but the complaint does set forth the death of Robert W. Gibbs, and that the present plaintiff is his representative, and it correctly sets forth the other parties to the judgment, and the time of its rendition, and its precise amount of principal, interest and costs. So that with reasonable certainty it is seen that the judgment shown by the record, is the judgment set out in the complaint, and thereby the plaintiff did make out his first allegation.

We think therefore, that His Honor erred in his instructions to the jury.

And here we think it proper to state, that we do not consider that we are reviewing His Honor upon his finding of the facts—this we are not competent to do; but we are reviewing what we understand to have been, his ruling as to the legal effect and operation, of the record.

G. M. Gibbs, Ex'r *v.* Thomas C. Fuller.

If there were doubts as to the correctness of what we have said upon general principles, still we would think that our statutes are decisive of the case.   It is provided that no judgment shall be reversed, impaired, or in any way affected by reason of imperfections, for any mistake in the name of any party or person, or for any informality in entering a judgment, or in making up the record.   *Rev. Code, ch.* 3.

So, no variance between the allegation in a pleading, and the proof, shall be deemed material, unless it have actually misled the party, &c.   And the judge may direct the finding according to the evidence, and amend the pleadings.   *C. C. P. sec.* 128.

There is Error.                               *Venire de novo.*