POLLY NEWBY et al. v. SHADE EDWARDS.

(Filed 29 September, 1910.)

**Deeds and Conveyances — Grantee — Middle Initial — Identity of Grantee—Importance.**

The father purchased land and had the conveyance made to his unborn child, he and his wife, Julia A., joining in the deed of the vendor, and for the purpose of the conveyance the child was named Julia C. The wife died before childbirth. In an action of ejectment brought by the heir-at-law of the deceased wife against the husband, upon an issue as to whether the wife or the child was intended as the grantee. *Held,* That the middle initial was material and important, being upon the question of identity of the grantee; that a charge to the contrary would deprive plaintiff of the benefit of his testimony tending to show that the grantee was not his deceased wife.

APPEAL from *Peebles, J.,* at the April Term, 1910, of CRAVEN.

Civil action in ejectment tried at April Term, 1910, Craven Superior Court, his Honor Judge Peebles presiding.

These issues were submitted:

1. Is the *feme* plaintiff the owner in fee simple and entitled to the possession of the lands described in the complaint? Answer: Yes.

2. Does defendant wrongfully withhold the possession of the land from the plaintiff? Answer: Yes.

3. If so, what damages, if any, is plaintiff entitled to recover

of the defendant for wrongfully withholding possession of the land from *feme* plaintiff? Answer: $2.50 for whole rent, $4.16 for plaintiff.

From a judgment for plaintiff the defendant appealed.

*W. D. McIver* for plaintiff.
*Simmons, Ward & Allen* for defendant.

BROWN, J. The *feme* plaintiff claims the land in controversy as the heirs-at-law of Julia, the deceased wife of defendant Shade Edwards, who died intestate without having given birth to a child.

The land was purchased by defendant from W. G. Brinson and conveyed by a deed dated 11 February, 1891, wherein said Brinson, Shade Edwards and his wife Julia A. Edwards are. grantors and Julia C. Edwards grantee.

Defendant Shade Edwards testified that he was married to Julia A. Edwards in 1875, and lived with her for twenty-four years; that he had never heard her called by any other name than Julia A. Edwards; that he purchased this land from W. G. Brinson; that prior to this purchase he had made over most of his property to his wife, Julia A. Edwards, as he was a drinking man. and was afraid that he might encumber his property while under the influence of whiskey; that he and his wife agreed that they would have the lot described in the complaint deeded to their unborn child, supposed to be *in esse;* that he paid the purchase money and was advised by Brinson that in order to have the deed made to an unborn child it must be named and that, thereupon, he and his wife agreed upon the name of Julia C. Edwards; that his wife Julia died and no child was ever born to them.

It further appears that thereafter the heirs of Brinson executed a deed dated 23 September, 1907, to defendant for the land. Polly Newby is one of the three heirs-at-law of defendant's deceased wife.

There is much other evidence in the record introduced by both parties unnecessary to refer to.

The seventh assignment of error is as follows: The court erred in charging the jury: "If you are satisfied by the greater

weight of the evidence that Julia, the wife of Shade, was some-times called Julia Caroline and sometimes called Julia Ann, you will answer the first issue, Yes, for the plaintiff is the owner in fee simple, entitled to possession of the land described in the complaint, because the Supreme Court says the middle name is no important part of anybody's name, and the law pre-sumes where there was a living person to take that land that that person was intended instead of somebody that had no existence." The exception must be sustained. It is true that in certain cases the initial of the second Christian name is unimportant, but this is only in such cases where the identity is certain. If there is any question as to the identity of the person the initial or "middle name," becomes very important. *Patterson v. Wal-ton,* 119 N. C., 500; *Gibbs v. Fuller,* 66 N. C., 116; *State v. Best,* 108 N. C., 748; *Steves v. West,* 51 N. C., 50; 29 Cyc., 264, *et seq;* 5 Words and Phrases, p. 4660; *Long v. Campbell,* 37 West Va., 665.

The instruction appears to us to make the case turn exclusively upon the proposition that defendant's wife was sometimes called Julia Ann and sometimes Julia Caroline.

Whereas the real point in the case is as to who was the real grantee in the deed of 11 February, 1891, defendant's wife, Julia or their unborn child, then supposed to be in its mother's womb. If the former then plaintiff is entitled to recover a one-third interest in the lot. If the latter, then plaintiff takes nothing by her writ. This instruction further deprives defend-ant of the benefit of his entire testimony explaining why Julia C. Edwards, the grantee in the deed, was not his deceased wife.

It further deprives defendant of a very potent argument to the effect that the deed to Julia C. Edwards was executed by Julia A. Edwards, the wife, and that it is not likely that she would be grantor and grantee in the same deed, and engaged in the legal anomaly of making a deed to herself.

The credibility of defendant's statement, and its reasonable-ness, is a matter for the jury.

The matter involved is essentially one of fact to be deter-mined by the jury under proper instructions.

New trial.