### H. T. CLAWSON v. W. O. WOLFE.

*Practice--Misnomer--Amendment of Process--Waiver of Irregularity.*

1. A defect in the name of a defendant in the summons is cured by a
   - judgment by default rendered against him, under the provisions of Rev.
   Code, ch. 3, § 5.
2. Where such judgment is taken before a Justice of the Peace and car-
   ried by appeal to the Superior Court, it is the duty of the Court to
   make the proper amendment and proceed with the trial upon the merits.
3. Where the defendant in such case took an appeal from the Justice and
   failed for seven terms to make any motion to dismiss, he thereby waived
   the irregularity complained of.

(*Gibbs* v. *Fuller,* 66 N. C. 116, cited and approved.)

APPEAL from a Justice's Court tried at January Special
Term, 1877, of WAKE Superior Court, before *Schenck, J.*

The title of the action in the Justice's Court was, " H. T.
Clawson v. W. O. Wolfe and J. W. Watson," and on the face
of the summons was, " you are hereby commanded to sum-
mon J. O. Wolfe, &c." When the case was called for trial
(the first time after it was docketed) the defendant moved
upon the face of the papers to set aside the judgment ren-
dered by the Justice of the Peace against him and to dis-
miss the action, for the reason that it appeared affirmatively
that no summons issued to or was served on W. O. Wolfe,
the defendant, and that the return of the Constable was de-
fective.

The plaintiff resisted the motion and offered to prove by
the Constable that it was served on this defendant, and
asked that the return be amended; and further, that the
defendant had waived all irregularity in the proceeding by
giving the Justice notice of appeal, after judgment upon the
alleged defective summons had been rendered and execution
issued thereon. His Honor being of opinion with the de-

fendant, gave judgment accordingly and the plaintiff appealed.

*Messrs. E. G. Haywood* and *Geo. H. Snow,* for plaintiff.
*Messrs. Busbee & Busbee,* for defendant.

BYNUM, J. There is error. It is provided in the Rev.
Code, ch. 3, §§ 5-6, that where a judgment shall have been
rendered in any case upon default, *nil dicit,* &c., it shall not be
reversed, impaired or in any manner affected, for any defects
in the process or pleadings, to wit; for any mistake in the
name of any party or person, &c., where the correct name
shall have been once rightly alleged in any part of the
pleadings or proceedings. And that such omissions, defects
and variances, not being against the right and justice of the
matter of the suit, and not altering the issue between the
parties on the trial, shall be supplied and amended by the
Court where the judgment shall be given, or by the Court
in which the judgment shall be removed by appeal. This
statute covers this case. The name of the defendant was
correctly set forth in the title of the summons and in the
declaration which was upon a note signed by the defendant
and which he does not deny. The only defect is contained
in the body of the summons where he is named J. O. Wolfe,
when it should have been W. O. Wolfe. We think it suffi-
ciently appears, without the aid of the proposed affidavit, that
W. O. Wolfe was actually served with process and was not
in the slightest degree misled. The officer returns upon
the process that it was "served" and the defendant does not
deny that it was served upon *him,* but we think by fair in-
ference admits it, when in his notice of appeal and as one
of the grounds of it, he says "that judgment was rendered
without any service of *proper* summons upon the defendant
W. O. Wolfe." If no summons had been served upon him

it was incorrect to insert the word "proper" which having been inserted, must have its proper effect.

The title of the summons was against the defendant by his proper name, the declaration of the cause of action was against him by his proper name, the judgment also correctly set forth · his name, and finally the summons was served upon him, containing such a description of the cause of action that he could not have been reasonably misled by what he must have known was a clerical mistake as to a single letter. It was therefore the duty of the Court under the provisions of the Rev. Code, before cited, and C. C. P. §§ 128, 135, to make the amendment and proceed with the trial. *Gibbs* v. *Fuller*, 66 N. C. 116. We place our decision upon the proper construction of our statutes and therefore we do not consider the English authorities cited by the defendant's counsel as applicable.

We are also of opinion that W. O. Wolfe having admitted himself to be the defendant by praying an appeal and defending the action for seven terms of the Court, without having specified the grounds of his motion to set aside the judgment and dismiss the action, or moved in the matter, thereby waived the irregularity complained of.

PER CURIAM.                                        *Venire de novo.*