R. M. PATTERSON v. E. S. WALTON, et al.

*Name of Party—Identity—Motion to Revive Judgment—*
*Clerical Error in Docketing Judgment—Power of Clerk*
*to Correct—Revival of Judgment as to One of Several*
*Defendants—Limitations.*

1. Names are used to designate persons, and where the identity is certain a variance in the name is immaterial.
2. Where an admittedly clerical error was committed in docketing a justice's judgment in the superior court by transposing the initials of the plaintiff's name from "R. M. P." to "M. R. P.," such error may be corrected on a motion to revive the judgment (whether the error was committed by the justice in rendering or the clerk in docketing the judgment) where there is no dispute as to the identity of the moving party as the owner of the judgment.
3. A motion made within ten years from the rendition of a justice's judgment docketed in the superior court to revive the same is not barred by the Statute of Limitations.
4. In a joint and several judgment against several defendants, the plaintiff may elect as to which of the defendants he shall revive it.

MOTION, by R. M. Patterson, to revive a judgment, heard before *Norwood, J.,* at Fall Term, 1896, of BURKE Superior Court, on appeal from the clerk's refusal to grant the motion. His Honor reversed the action of the clerk and defendants appealed.

*Mr. J. T. Perkins,* for plaintiffs.
*Messrs. Avery & Irvin* and *M. Silver,* for defendents (appellants).

CLARK, J. There is no question as to the identity of the plaintiff, M. R. Patterson, named in the judgment with R. M. Patterson, who now moves to revive the judgment. Both the mover and the defendant swear to that effect and the judge finds it to be a fact. The judgment might well,

therefore, have been revived in the name of M. R. Patterson, and the sheriff, when the money was collected, would have to pay it over to R. M. Patterson, though styled M. R. Patterson in the judgment, upon being satisfied of the identity of the person. A similar instance is where an execution is issued in the name of a *feme sole*, and on the return of the execution she has changed her name by marriage. Names are to designate persons, and where the identity is certain a variance in the name is immaterial. *Gibbs* v. *Fuller*, 66 N. C., 116. " Errors or defects in the pleadings or proceedings not affecting substantial rights are to be disregarded *at every stage of the action.*" *Code*, Sec. 276. It is true that the amendment of a record should be made in the court where it was made, (*Adams* v. *Reeves*, 76 N. C., 412,) and that a justice's judgment can only be vacated or set aside by proceedings before him or his successor, unless it is taken into the superior court by *recordari*. *Whitehurst* v. *Transportation Co.*, 109 N. C., 342 ; *Morton* v. *Rippy*, 84 N. C., 611. But this is not a matter affecting the merits of the action or the integrity of the record, but a mere correction of an admittedly clerical error in the name of a party, which cannot possibly prejudice any one, and which indeed might have been permitted to go uncorrected without affecting the liability of the defendant, who was unquestionably adjudged to pay the sum named, or of the plaintiff, who is unquestionably the person to whom it was adjudged to be paid. The correction of a mere clerical error in the name of a party should have been made by the clerk on the motion to revive the judgment, whether the in-dvertence was committed by the justice or himself. *Clawson* v. *Wolfe*, 77 N. C., 100 ; *Code*, Sec. 273. The motion being made within ten years after the rendition of the justice's judgment, which was docketed in the superior court, was not barred by the Statute

of Limitations. *Adams* v. *Guy*, 106 N. C., 275. Nor is there any requirement that it must be revived as to all the defendants. When the judgment is joint and several, the plaintiff can elect as to whom he shall revive, just as he can whom he shall sue upon a joint and several bond.

Affirmed.

AVERY, J,. did not sit on the hearing of this case.