WALKER, J., dissenting; ALLEN, J., concurring in the dissenting opinion.
This action was instituted against the Pintsch Gas Company in 1913 to recover damages for emptying sewage on the lot of the plaintiff in the town of Hamlet, N.C. Judgment by default and inquiry was taken at December Term, 1913, for want of an answer. At March Term, 1918, the inquiry was instituted, and the jury found, in response to the issue submitted: "What damages, if anything, is the plaintiff entitled to recover of the defendant in this action?" "$2,975." And thereupon judgment was entered for that sum.
On 26 June, 1919, the counsel for the plaintiff gave notice of a motion in due form that at the next term of the Superior Court of Richmond, to be held on Monday, 14 July, 1919, motion would be made in said court that the court should "amend process, pleading, and judgment in the case of J. R. Gordon against the Pintsch Gas Company, so as to read and to be J. R.Gordon v. Pintsch Compressing Company, said cause having been tried and judgment rendered at March Term, 1918, of the Superior Court of Richmond." This notice was served on the superintendent and manager of the defendant Pintsch Compressing Company on 2 July, 1919, and affidavits were filed by the plaintiff and others. The plaintiff introduced the record of the judgment by default and inquiry at December Term, 1913, and of the verdict, and final judgment at March Term, 1918.
The affidavit of M. R. Sharpe was filed, that in 1912 and 1913 he was manager and superintendent of the defendant's plant at Hamlet, N.C. and that the summons in this case of J. R. Gordon v. Pintsch Gas Company was served upon him, and he immediately sent the copy left with him by the sheriff to the general office of the defendant, who employed resident counsel to represent them; that there was no other plant in Richmond County in the business of manufacturing gas and its allied products in 1912 and 1913, and that the summons was served on him the latter year. *Page 468 
A. B. McDonald filed an affidavit that the plant of the defendant at Hamlet was built about 1897; that the "defendant was always known by the name of and as Pintsch Gas Company; that it was recognized and known at all times by such name; that the first time that this affiant ever knew, or even heard, that the defendant was named Pintsch Compressing Company was after judgment final had been recovered against it in this action"; that M. R. Sharpe was superintendent and manager of the defendant at Hamlet (437) during the years 1912 and 1913, and for many years prior thereto; and that it was the only person or corporation in said county known by the name of either Pintsch Compressing Company or Pintsch Gas Company, and that he has been many years deputy sheriff of Richmond County, and at all times the defendant has been known, recognized, and acting as the Pintsch Gas Company.
The plaintiff, J. R. Gordon, in his affidavit, reiterated the above statement of fact, and added that after the death of the original counsel employed by the defendant in this action had died, the defendant employed another resident counsel to represent it, and that M. R. Sharpe, its superintendent, knew that said action had been brought, and was intended to be brought, against the company which he represented; that it had no other name posted at the entrance of its plant or elsewhere, as its true name, as required by law, and that it was recognized as the Pintsch Gas Company and paid bills and accounts charged against it in such name; that it was the only plant doing such business in said county or owning or operating a line of sewage upon the land of the defendant, and it never made any contention that it "was not sued in the right name" until the statute of limitations had run against the plaintiff's cause of action, although it knew it was the real party sued, and knew of each and every proceeding and move made in said trial thereof, and it has not been misled in any particular herein, being at all times fully informed as to the real and true contention of the plaintiff. The affidavits filed by the defendant's general superintendent (in New York) did not deny any of the above statements, but rested its contention upon the ground that after the summons in the action of the plaintiff against the Pintsch Gas Company was sent to it by the local superintendents, Sharpe, it employed counsel to look after the matter, Major John D. Shaw, and after his death the company retained Mr. John P. Cameron, and added that his recollection was that a second summons had been served in the same action in the name of the "Pintsch Gas and Compressing Company," and that the matter had been left to counsel, and after the death of the second *Page 469 
counsel, the defendant employed Mr. Bynum, through whom it is resisting this motion.
The motion was continued from time to time by consent of parties till September Term, 1919, at which term the court rendered judgment "correcting the pleadings, process, and judgment in such matter, by inserting the word `Compressing' in the name of the defendant Pintsch Gas Company, instead of the word `Gas,' and thereby correcting the same to name the true defendant, Pintsch Compressing Company, who was in court under process issued, and was represented from the time of the institution of said action until final judgment was signed, and until the present time, and it further appearing to the court that said motion, notice, and other process were made, served, and properly executed," it was (438) decreed that the motion should be granted, and that "said process, pleadings, issues, and judgment be and the same, and each thereof, is amended by inserting the word `Compressing' instead of the word `Gas,' making the name of defendant read `Pintsch Compressing Company,' instead of `Pintsch Gas Company.'" From this judgment the defendant appealed.
The defendant, upon its own showing, failed "to give the matter that amount of attention which a man of ordinary prudence usually gives to his important business," and therefore would not be entitled to set aside the judgment for excusable neglect, even if such motion had not been barred by the lapse of more than a year. Sluder v. Rollins, 76 N.C. 271; Roberts v.Allman, 106 N.C. 394, and citations thereto in Anno. Ed.
The case stands, therefore, upon the power of the court, in its discretion, to allow the amendment asked for. Rev. 507, provides that the "Judge or court may, before and after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect," etc. The language of the statute itself shows that this is a discretionary power, and it has always been held that the granting or refusal of amendments in the cases named is not reviewable by appeal except in cases of palpable abuse. See citations to Pell's Revisal, sec. 507. Also, Sheldon v. Kivett, 110 N.C. 411, and cases there cited.
The evidence in this case fully warranted the findings of fact in the judgment, and the grant of the leave to amend. There is no *Page 470 
question upon the affidavits on both sides that the Pintsch Compressing Company was the party charged with committing the tort sued on; that the general manager of the compressing company was served with summons; that he sent it to the general office in New York, which employed counsel, and at his death employed another counsel, and later, on the death of the latter counsel, employed another; that the company sued was known generally by the name mentioned in the summons, which is held sufficient, even as to defendant's in an indictment, subject to plea in abatement in which the defendant must give its true name. The general manager in New York, in his affidavit, states that his recollection is that a second summons was served, giving the name of defendant as the "Pintsch Compressing and Gas Company." There is no indication that the defendant (439) suffered any prejudice by reason of the misnomer, and it has waived any objection by not giving its true name by plea in abatement.
"A misnomer does not vitiate provided the identity of the corporation or person with that intended by the parties is apparent, whether it is in a deed, Asheville Division v. Aston, 92 N.C. 584, or in a judgment, or in a criminal proceeding, McCrae v. Starr, 5 N.C. 252."
The judgment by default and inquiry in December, 1913, and the judgment final in March, 1918, upon the verdict of the jury, were both taken regularly "according to the course and procedure of the courts." There is no question that this appellant had the fullest knowledge that the action was against itself, and that it had the amplest opportunity to defend.
The amendment rested in the discretion of the court.
Affirmed.