LAWRENCE G. GORDON, Plaintiff v. PEGGY S. GORDON, Defendant

No. COA94-981

(Filed 20 June 1995)

**Judgments § 95 (NCI4th)— alimony award—duration—clerical error—correction properly allowed**

Where the decretal portion and the conclusions of law in an alimony order clearly stated that defendant was entitled to alimony until she reached age 62, neither part of the judgment stated a date, it was only in the findings of fact that a date was stated, and the date was incorrect by one year, the date was clearly a typographical error so that correction thereof did not alter the effect of the original order and was proper under Rule 60(a); furthermore, defendant was not barred from seeking the correction by the doctrine of laches, even if the doctrine of laches applies to Rule 60(a), where defendant sought to have the clerical error in the original order corrected as soon as plaintiff informed her that he was terminating his payments. N.C.G.S. § 1A-1, Rule 60(a).

**Am Jur 2d, Judgments § 165.**

Appeal by plaintiff from order signed 1 June 1994 and filed 3 June 1994 by Judge Roland H. Hayes in Forsyth County District Court. Heard in the Court of Appeals 22 May 1995.

*Gordon & Nesbit, P.L.L.C., by L.G. Gordon, Jr. and Thomas L. Nesbit, for plaintiff-appellant.*

*Frye & Booth, by C. Michael Day, for defendant-appellee.*

LEWIS, Judge.

By order dated 15 April 1991, plaintiff, Lawrence G. Gordon, was ordered to pay alimony in the amount of $500.00 per month to defendant, Peggy S. Gordon. Payment was to cease upon defendant's reach-

ing the age of sixty-two, defendant's remarriage, defendant's death, or plaintiff's death, whichever occurred first.

In the order, Judge Hayes made various findings of fact and conclusions of law. The court found that, at the time of entry of the order, 15 April 1991, defendant was fifty-eight years old and would reach the age of sixty-two on 17 March 1994. At age 62, defendant would become eligible for Social Security retirement benefits. The court further found that defendant was entitled to, and plaintiff had the means and ability to contribute to, support in the amount of $500.00 per month, through and including the 17th day of March, 1994, at which time defendant would turn sixty-two. In fact, defendant would not turn sixty-two until 17 March 1995.

The court made the following relevant conclusion of law: "That the Defendant is entitled to permanent alimony until she reaches 62 years of age, dies, remarries, or Plaintiff dies, whichever event shall first occur." There was no conclusion of law regarding the date on which defendant would turn sixty-two. In the decretal portion of the order, the court directed:

That on or before the 1st day of each month the Plaintiff shall pay $500.00 into the Office of the Clerk of Superior Court of Forsyth County, North Carolina, such payments to be disbursed to the Defendant . . . and to continue until Defendant reaches 62 years of age, dies, remarries, or Plaintiff dies, whichever event shall first occur.

Again, no specific date was stated.

Upon making the payment due 17 March 1994, plaintiff wrote defendant that such payment was the final payment. At that time, however, defendant was only sixty-one years old. Defendant then filed a motion in the cause seeking an order correcting the clerical error as to the date of defendant's sixty-second birthday and an order directing plaintiff to continue making alimony payments until 17 March 1995, the date defendant would turn sixty-two, and to make back payments.

After holding a hearing on the matter, Judge Hayes found that defendant was actually sixty-one years old on 17 March 1994 and would not turn sixty-two until 17 March 1995. He then stated that the clear intent of the order was that plaintiff pay alimony until defendant reached age sixty-two and not to stop making payments on 17 March 1994, regardless of the erroneous calculations. Judge Hayes

GORDON v. GORDON

[119 N.C. App. 316 (1995)]

then ordered that defendant continue to make alimony payments to defendant until defendant reached the age of sixty-two on 17 March 1995 and that plaintiff make back alimony payments for the months after he ceased payment. The effect of Judge Hayes' second order was the correction of what would appear to be a "clerical mistake" in the first. We therefore must determine whether this was proper under Rule 60(a) of the Rules of Civil Procedure.

Rule 60(a) provides in pertinent part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders." N.C.G.S. § 1A-1, Rule 60(a) (1990). This rule allows the correction of clerical errors, but it does not permit the correction of "serious or substantial" errors. *Buncombe County ex rel. Andres v. Newburn*, 111 N.C. App. 822, 825, 433 S.E.2d 782, 784, *disc. review denied*, 335 N.C. 236, 439 S.E.2d 143 (1993). Our appellate courts have consistently rejected attempts to make substantive changes to judgments or orders under the guise of making clerical changes. *Id.* A change is considered substantive and outside the boundaries of Rule 60(a) when it alters the effect of the original order. *Id.*

In the present case, the decretal portion of the original order clearly stated that plaintiff was to continue making payments to defendant until defendant reached the age of sixty-two. No date was stated. Similarly, in the conclusions of law, the court stated that defendant was entitled to alimony until she reached age sixty-two, and no date was stated. The clear intent of the order was for defendant to receive payments until she was entitled to Social Security benefits at age sixty-two. It is only in the findings of fact that a date is stated. And there, the findings are clearly erroneous on their face. The court found that defendant was presently (15 April 1991) fifty-eight years old and that she would turn sixty-two on 17 March 1994. It is obvious that defendant would not turn sixty-two until 1995. In light of a clearly typographical error and plaintiff's unqualified duty under the conclusions of law and the decretal portion of the order to continue making payments to defendant until defendant reached the age of sixty-two, we do not believe that the clerical correction altered the effect of the original order. Thus, the correction was proper under Rule 60(a).

Plaintiff contends, however, that defendant was barred from seeking the correction by the doctrine of laches. Rule 60(a) provides no time limit for the correction of clerical errors. In fact, the rule states that such errors may be corrected "at any time." Plaintiff cites no authority for his proposition that the doctrine of laches applies to limit "any time" to "a reasonable time." We note that Rule 60(b), in contrast, does require that motions be made within "a reasonable time." Furthermore, even if the doctrine of laches does apply to Rule 60(a), we find nothing inequitable or unjust in allowing defendant to seek a correction of the original order. *See Rape v. Lyerly*, 287 N.C. 601, 620, 215 S.E.2d 737, 749 (1975) (doctrine of laches applies only when circumstances have so changed during the lapse of time that it would be inequitable and unjust to permit the prosecution of the action). As soon as plaintiff informed defendant that he was terminating his payments, defendant sought to have the clerical error in the original order corrected.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Chief Judge ARNOLD and Judge McGEE concur.