BARRETT GARNER, Plaintiff,
v.
NOELLE GARNER (now TUCKER), Defendant.
No. COA08-670
Court of Appeals of North Carolina.
Filed February 3, 2009
This case not for publication
Mills & Economos, L.L.P., by Cynthia Mills Farish, for Plaintiff-Appellant.
Jeffrey L. Miller and Jay Audino for Defendant-Appellee.
STEPHENS, Judge.
The central issue in this case is whether the trial court erred in granting Defendant-Appellee's Rule 60 motion for relief from a custody order. We conclude that the trial court did not err and we affirm the trial court's order.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Plaintiff and Defendant married in 1994 and had one child in 1997. On 9 July 2001, Plaintiff filed a complaint seeking custody of the child on allegations that Defendant was having an affair and had absconded with the child. Judge Joseph Blick conducted a hearing on Plaintiff's complaint on 13 May 2002. At the time of the hearing, the child attended Memorial Baptist Church's pre-school ("Memorial"), where Defendant was employed. Judge Blick announced his ruling in open court at the end of the hearing and awarded the parties joint custody. Judge Blick awarded Plaintiff primary physical custody and stated that, during the school year, "this will be an every other week situation [with Defendant having custody] beginning on a Thursday at 6:00 [p.m.] and to go all the way through Tuesday morning that the child will be dropped off at whatever daycare[.]" As for the summer, Judge Blick stated as follows:
My knee-jerk reaction . . . [is] that the child should be with [Defendant] if possible during the day rather than have the child in daycare.
. . . .
[I]t would be kind of silly to let the child be put in daycare rather than stay with the other parent.
. . . .
Well, I mean, it would be dog[]gone stupid to send the child to daycare when her mother is sitting at home. I just have a hard time with that. I mean, that would just be asinine. . . . So when the child is not in school at Memorial then I would like the child to reside with the mother during the day.
After rendering his order, Judge Blick ordered Defendant's attorney, Amanda Stroud, to reduce the order to writing. Ms. Stroud never prepared the order.[1] On 18 October 2004, Jeffrey L. Miller filed a notice of appearance as Defendant's attorney. Subsequently, and nearly two and a half years after Judge Blick rendered his order in open court, Plaintiff's attorney prepared a written order. Plaintiff's attorney served the proposed order on Ms. Stroud only. Without further hearings, Judge Blick entered a written order on 12 November 2004, nunc pro tunc 13 May 2002 ("2004 order"). Paragraph 2.c of the 2004 order's decretal section stated as follows:
c. After[-]School and Summer Day Care. If Plaintiff is working and Defendant is not working, for so long as the minor child attends [Memorial], Defendant shall keep the child as the after[-]school care provider during the school year and summer months.
i. During the school year, Defendant shall have physical custody of the minor child from the time [Memorial] lets out until 6:00 PM.
ii. During the summer months, Defendant shall have physical custody of the minor child[.]
On or about 1 April 2005, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60, Defendant filed a Motion for Relief from the 2004 order. Inter alia, Defendant alleged as follows:
7. Paragraph [2.c] and its subsection i of the decretal section . . . are incorrect insofar as any statement of limitation with regard to attendance at [Memorial]. The [c]ourt decreed that [D]efendant would be the after-school care provider during the school year and have custody during the summer months.
On 27 April and 15 May 2006, Plaintiff and Defendant filed respective motions in the cause to modify the 2004 order on the ground of changed circumstances.
On 21 August 2006, Judge Blick conducted a hearing on Defendant's Rule 60 motion and on Plaintiff's 27 April motion in the cause. In an order entered 20 November 2007 ("2007 order"), Judge Blick made the following pertinent findings of fact:
15. In paragraphs [2.c] and [2.c.i] of the decretal section of the [2004] Order, provisions were made for [Defendant] to provide after[-]school and summer daycare during the school year and during the summer months. There is no after[-]school during the summer months. Evidence was presented that [D]efendant was seeking employment as a teacher in the schools and that she expected to be employed as a teacher the following academic school year. It was contemplated that [D]efendant would be available as a care provider during the summers when she was not teaching. The [2004] Order does not accurately or correctly reflect the [c]ourt's intent and rendition concerning this issue.
16. In paragraph [2.c.ii] of the decretal section of the [2004] Order, [D]efendant is awarded physical custody of the minor child during the summer months. The [c]ourt intended [Defendant] to have primary physical custody during the weekdays of the summer months, subject to the designated vacation weeks set forth for the summer. The [2004] Order is somewhat unclear with regard to [P]laintiff's and [D]efendant's custody periods during the summer months and it is necessary to make the [2004] Order clearer and consistent with the [c]ourt's intent and rendition.
Judge Blick then concluded, in pertinent part:
5. During the child's summer recess and vacation from school, [Defendant] shall have the physical custody of the minor child during the weekdays (Monday  Friday) from 9 a.m. until 4 p.m. each day.
Judge Blick did not limit Defendant's custody of the child during the summer recess to the years when the child attended Memorial. Plaintiff timely appealed. On appeal, Plaintiff argues that Judge Blick "erred in modifying the summer visitation provision of the 2004 order."

ANALYSIS
Initially, we disagree with Plaintiff's argument that it is "impossible to determine the analysis [Judge Blick] applied" in entering the 2007 order. Defendant specifically based her Motion for Relief on subsections (a), (b)(1), and (b)(6) of Rule 60. Judge Blick specifically found that the 2004 order contained "clerical errors and mistakes[.]" It is thus apparent that Judge Blick entered the order pursuant to Rule 60(a). See N.C. Gen. Stat. § 1A-1, Rule 60(a) (2007) (enabling a judge to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein"). The assignments of error upon which this argument is based are overruled.
We also disagree with Plaintiff's attempt to characterize Judge Blick's 2007 order as a ruling on a motion to "modify" the 2004 order. See N.C. Gen. Stat. § 50-13.7(a) (2007) ("[A]n order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested."). Defendant did not make her motion pursuant to Section 50-13.7, and Defendant never argued to Judge Blick either that "changed circumstances" demanded a modification of the 2004 order or that such a modification was in the child's "best interests." See Shipman v. Shipman, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003) ("[I]f the trial court does indeed determine that a substantial change in circumstances affects the welfare of the child, it may only modify the existing custody order if it further concludes that a change in custody is in the child's best interests.") (citing Pulliam v. Smith, 348 N.C. 616, 629-30, 501 S.E.2d 898, 905-06 (1998) (Orr, J., concurring)). Defendant made her motion pursuant to Rule 60 on the ground that the 2004 order "should be corrected[.]" Accordingly, the assignments of error by which Plaintiff argues that Judge Blick erred by not making findings concerning changed circumstances or the child's best interests are overruled.
Next, we disagree with Plaintiff's argument that the 2004 order accurately reflects the order rendered by Judge Blick in open court in 2002. The 2004 order provides that Defendant shall provide daycare during the summer "for so long as the minor child attends [Memorial]." Plaintiff asserts that Judge Blick announced this provision when he stated, "So when the child is not in school at Memorial then I would like the child to reside with the mother during the day." We are wholly unpersuaded. As set forth above, Judge Blick stated:
My knee-jerk reaction . . . [is] that the child should be with [Defendant] if possible during the day rather than have the child in daycare.
. . . .
[I]t would be kind of silly to let the child be put in daycare rather than stay with the other parent.
. . . .
Well, I mean, it would be dog[]gone stupid to send the child to daycare when her mother is sitting at home. I just have a hard time with that. I mean, that would just be asinine. . . . So when the child is not in school at Memorial then I would like the child to reside with the mother during the day.
A complete reading of these statements reveals that Judge Blick ordered that Defendant was to provide daycare during the summer when the child was not in school. Judge Blick stated that it would be "silly[,]" "dog[]gone stupid[,]" and "asinine" to send the child to daycare during the summer when Defendant was not working. Judge Blick's passing reference to Memorial was not a limitation on Defendant's provision of summer daycare. Memorial was merely the school the child attended at the time Judge Blick rendered his decision, and Judge Blick's order was not conditioned upon the child's attendance at that school. In sum, the assignments of error upon which this argument is based are overruled.
Having concluded that the 2004 order did not comport with the order rendered in open court in 2002, we next address the issue of whether Judge Blick abused his discretion in granting Defendant's Rule 60 motion. Davis v. Davis, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006); Ward v. Taylor, 68 N.C. App. 74, 84, 314 S.E.2d 814, 822, disc. review denied, 311 N.C. 769, 321 S.E.2d 157 (1984). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." Davis, 360 N.C. at 523, 631 S.E.2d at 118 (quotation marks and citations omitted). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).
Rule 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders." N.C. Gen. Stat. § 1A-1, Rule 60(a). "This Court has stated that Rule 60(a) allows correction of clerical errors, but it does not permit the correction of serious or substantial errors." Buncombe Cty. ex rel. Andres v. Newburn, 111 N.C. App. 822, 825, 433 S.E.2d 782, 784 (citing Rivenbark v. Southmark Corp., 93 N.C. App. 414, 378 S.E.2d 196 (1989)), disc. review denied, 335 N.C. 236, 439 S.E.2d 143 (1993). "A change in an order is considered substantive and outside the boundaries of Rule 60(a) when it alters the effect of the original order." Id. (citing Howard Schultz & Assocs. of the Southeast, Inc. v. Ingram, 38 N.C. App. 422, 248 S.E.2d 345 (1978)).
Plaintiff argues that in granting Defendant's Rule 60 motion, Judge Blick altered the parties' substantive rights. We disagree, in large part because the parties' substantive rights were not clearly established by the 2004 order. Although Paragraph 2.c of the 2004 order is entitled "After[-]School and Summer Day Care[,]"Paragraph 2.c does not make any substantive provision regarding summer daycare. Paragraph 2.c merely orders that "Defendant shall keep the child as the after[-]school care provider during the . . . summer months." (Emphasis added.) As Judge Blick noted in the 2007 order, "[t]here is no after[-]school during the summer months." Paragraph 2.c.ii, on the other hand, states that "[d]uring the summer months, Defendant shall have physical custody of the minor child[.]" This provision arguably provides that Defendant is to be the child's summer daycare provider. This provision also arguably awards Defendant custody of the child throughout the summer. This ambiguity constitutes a clerical mistake which Judge Blick corrected in the 2007 order. See Gordon v. Gordon, 119 N.C. App. 316, 458 S.E.2d 505 (1995) (holding that trial court did not abuse its discretion in granting defendant's Rule 60(a) motion on the ground that two provisions in the underlying order conflicted). Furthermore, the summer daycare provision in the 2007 order accurately states the decision rendered by Judge Blick in 2002. We thus conclude that Judge Blick did not abuse his discretion in granting Defendant's Rule 60 motion.

CONCLUSION
We caution the trial courts to give the same level of care and attention to their written orders as they do to their decision-making processes so that their orders accurately reflect their rulings. Furthermore, in affirming Judge Blick's order, we emphasize the unusual circumstances concerning the delay between the rendering of the order in 2002 and the entry of the order two and a half years later in 2004: specifically, the unexplained failure of Defendant's original attorney to prepare a written order and Plaintiff's attorney's failure to serve the proposed order on Defendant's new attorney of record. We condone neither failure.
For the reasons stated, the order appealed from is
AFFIRMED.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).
NOTES
[1] Defendant states in her brief that, subsequent to the 13 May 2002 hearing, the North Carolina State Bar suspended Ms. Stroud's law license.