2014 COA 167

**REISBECK, LLC, properly known as Reisbeck Subdivision, LLC, a Colorado limited liability company; and Robert A. Jersin, Plaintiffs–Appellants,**

v.

**Arthur Reed LEVIS, All Unknown Persons claiming any interest in the subject property, and All Unknown Persons claiming an interest in the subject property as heirs of said Arthur Reed Levis, Defendants–Appellees.**

Court of Appeals No. 14CA0188

Colorado Court of Appeals, Div. III.

Announced December 4, 2014

Law Offices of Zak & Pehr, P.C., David W. Pehr, Westminster, Colorado, for Plaintiffs–Appellants

No Appearance for Defendants–Appellees

Opinion by JUDGE HAWTHORNE

¶ 1 In this quiet title action, plaintiffs, Reisbeck, LLC, properly known as Reisbeck Subdivision, LLC, a Colorado limited liability company, and Robert A. Jersin, appeal the district court's order denying Reisbeck's motion seeking relief under C.R.C.P. 60(a). We reverse and remand.

I.  Facts and Procedural History

¶ 2 Plaintiffs are the record owners of certain real property located in Adams County known as Reisbeck Subdivision (the property). Reisbeck owns an undivided eighty-five percent interest, and Jersin owns an undivided fifteen percent interest in the property.

¶ 3 In 1947, defendant, Arthur Reed Levis, obtained a right-of-way across the property for a "rail spur." No rail spur was ever constructed on the property. To clear the record encumbrance created by the right-of-way, Reisbeck's counsel commenced an action under C.R.C.P. 105 to quiet title to the property in Reisbeck and Jersin against any claims of Levis, his unknown heirs, administrators, or assigns, and all unknown persons claiming any interest in the property. Jersin was joined as an involuntary party plaintiff.[1] In the complaint and motions filed with the district court, Reisbeck's counsel erroneously named "Reisbeck, LLC" as a plaintiff in the action. "Reisbeck, LLC" does not exist in Colorado.

¶ 4 Defendants were served by publication. No answers or other responsive pleadings were filed. Reisbeck's counsel moved for entry of default and filed a separate motion for default judgment. The judgment form that counsel submitted to the district court named "Reisbeck, LLC" as plaintiff. The district court granted the motions and entered default judgment in plaintiffs' favor. Based on the form Reisbeck's counsel submitted to it, the court quieted title to the property in Jersin, as to an undivided fifteen percent interest, and purported to quiet title in "Reisbeck, LLC," as to an undivided eighty-five percent interest.

¶ 5 Following the judgment's entry, Reisbeck's counsel discovered that, as a result of his error, the court's judgment did not reflect Reisbeck's true name. Counsel then filed a motion under C.R.C.P. 60(a), seeking relief and requesting that the court amend the judgment and correct the misnomer. The district court denied the motion, stating that "[t]he request is contrary to the holding in *Rainsberger v. Klein,* 5 P.3d 351 (Colo.App. 1999)."

II.  C.R.C.P. 60(a)

¶ 6 Plaintiffs contend that the district court abused its discretion by denying Reisbeck's motion for relief under C.R.C.P. 60(a). We agree.

A.  Standard of Review

¶ 7 We review a district court's decision concerning the correction of clerical errors under C.R.C.P. 60(a) for an abuse of discretion. *In re Marriage of McSoud,* 131 P.3d 1208, 1212 (Colo.App.2006). A district court abuses its discretion when its decisions are manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *Id.*; accord *Clubhouse at Fairway Pines, L.L.C. v. Fairway Pines Estates Owners Ass'n,* 214 P.3d 451, 456 (Colo.App.2008).

B.  Analysis

¶ 8 C.R.C.P. 60(a) provides in relevant part:

Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any

---

1. Although joined as an involuntary plaintiff in the action before the district court, Jersin voluntarily joins in this appeal.

party and after such notice, if any, as the court orders.

C.R.C.P. 60(a) functions as a safety valve and allows the district court to correct, at any time, an honestly mistaken judgment that does not represent the understanding and expectations of the court and the parties. *Reasoner v. Dist. Court*, 197 Colo. 516, 517–18, 594 P.2d 1060, 1061 (1979); *In re Marriage of Buck*, 60 P.3d 788, 789 (Colo.App. 2002). Further, the rule applies to clerical mistakes made not only by a clerk, but also to mistakes made by the court and the parties. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir.1996) ("Although [Fed.R.Civ.P. 60(a) ] usually applies to errors by the court or clerk, it may also be used to correct mistakes by the parties.").

¶ 9 We are aware of no reported Colorado decision addressing the use of C.R.C.P. 60(a) to correct a misnamed party in a judgment. We therefore look to the federal rules of civil procedure and decisions interpreting these rules for guidance. *Garrigan v. Bowen*, 243 P.3d 231, 235 (Colo.2010) (because the Colorado Rules of Civil Procedure are patterned on the federal rules, we may look to the federal rules and decisions for guidance).

¶ 10 Numerous federal courts have held their counterpart rule, Fed.R.Civ.P. 60(a), to be an appropriate vehicle for amending a judgment to correct a misnamed party. *See, e.g., Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 323–26 (2d Cir.1973) (judgment entered against Branford Associates, a corporation; the defendant's name was corrected to Branford Associates, a partnership); *World Carriers, Inc. v. Bright*, 276 F.2d 857 (4th Cir.1960) (judgment entered against Paroh Steamship Company; the defendant's name was corrected to Paroh Steamship Corporation); *Wheeling Downs Race Track & Gaming Ctr. v. Kovach*, 226 F.R.D. 259, 262–63 (N.D.W.Va.2004) (judgment entered in favor of Robert L. Whitlatch; the defendant's name was corrected to Paul A. Kovach); *PacifiCorp Capital, Inc. v. Hansen Props.*, 161 F.R.D. 285, 287–88 (S.D.N.Y.1995) (judgment entered against Hansen Properties; the de-

fendant's name was corrected to Hansen Properties, Inc.).[2]

¶ 11 Further, at least one state has interpreted its corresponding rule in the same manner. *See Labor v. Sun Hill Indus.*, 48 Mass.App.Ct. 369, 720 N.E.2d 841, 843 (1999) (allowing the plaintiff to substitute its correct name simply described more accurately those who from the outset had been trying to enforce their claim, and it is not fatal that a complaint was not initially filed in the proper party's name or capacity, so long as the action is the one which the plaintiff originally intended to bring).

■ ¶ 12 Under the circumstances here, we conclude that the district court may correct the judgment under C.R.C.P. 60(a). First, nothing in the record indicates that the error by counsel for Reisbeck was anything other than an honest mistake.

¶ 13 Second, the corrected judgment would represent the parties' expectations in pursuing the quiet title action and the district court's intention in issuing the judgment. As stated, "Reisbeck, LLC" never existed and was, therefore, legally incapable of holding title to real property. In contrast, Reisbeck Subdivision, LLC existed at all times and is a record owner of the property. Also, in the complaint, Reisbeck's counsel asserted that Reisbeck is a Colorado limited liability company in good standing. Counsel further asserted that Reisbeck owns an undivided eighty-five percent interest in the property. Both assertions made in the complaint are true of Reisbeck Subdivision, LLC but are untrue of the nonexistent "Reisbeck, LLC."

¶ 14 Similarly, in the judgment, the district court stated that "[p]laintiff owns an undivided 85 percent interest in and to the property." Again, this is true of Reisbeck Subdivision, LLC, but is untrue of "Reisbeck, LLC." Accordingly, the record supports the conclusion that the parties expected, and the district court intended, that title to the property would be quieted in the record owners— Reisbeck Subdivision, LLC and Jersin— against any of defendants' claims. *See Dia-*

---

2. Unlike the federal cases cited, the plaintiff, rather than the defendant, was misnamed in this case. Under the circumstances here, and for the same reasons set forth herein, this distinction makes no difference.

*mond Back Servs., Inc. v. Willowbrook Water & Sanitation Dist.*, 961 P.2d 1134, 1136 (Colo.App.1997) (relief under C.R.C.P. 60(a) is limited to cases in which the district court originally intended to make the award granted by corrective amendment); *see also Matter of W. Tex. Mktg. Corp.*, 12 F.3d 497, 504–05 (5th Cir.1994) ("As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed."); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir.1990) (district court may properly invoke rules relating to correction of clerical mistakes to make a judgment reflect the actual intentions and necessary implications of the court's decision). To expect or intend otherwise would contravene the very nature of plaintiff's C.R.C.P. 105 action to obtain a complete adjudication of the rights of all parties with respect to the property.

¶ 15 Third, no different or additional liability would be imposed on any existing defendant, and no party previously a stranger to the action would be added. *See Fluoro*, 489 F.2d at 326 (where party was misnamed, judgment was properly corrected under Fed. R.Civ.P. 60(a) where correction, had it been made earlier, would not have resulted in other persons being served or additional parties being brought before the court).

¶ 16 We further conclude that the district court's reliance on *Rainsberger* was misplaced. In *Rainsberger*, the plaintiff filed a complaint asserting a negligence claim against J. Klein Construction, which was described in the complaint as a business entity. Jay Klein (Klein) was personally served with copies of the summons and complaint. After service was made, and without notice to Klein, the district court granted the plaintiff's motion to amend the complaint's caption to designate the defendant in the action as "J. Klein, d/b/a J. Klein Construction," thereby amending the complaint to claim personally against Klein. Klein was provided no notice of either the motion or the order, and he was not served with process in his individual capacity.

¶ 17 Thereafter, the district court entered default judgment against J. Klein, d/b/a J. Klein Construction. Klein then filed a C.R.C.P. 60(b)(3) motion to set aside the judgment, and the district court denied the motion. On appeal, a division of this court declared the judgment void because the court effectively allowed the plaintiff to add Klein individually as a defendant. The court reasoned that "[t]he purpose of a pleading and the requirement for service of process are to give the adverse party notice of the commencement of the action and the claims against it so as to provide it with the opportunity to appear and defend." 5 P.3d at 353.

¶ 18 For two reasons, *Rainsberger* is distinguishable. First, the motion at issue in this case is a C.R.C.P. 60(a) motion to correct a clerical mistake, not a C.R.C.P. 60(b)(3) motion challenging a default judgment, which the defendant filed in *Rainsberger*. Second, in contrast to *Rainsberger*, Reisbeck did not seek to impose different or additional liability on any existing defendant. Nor did it seek to add a new party to the action. Instead, Reisbeck merely sought to correct its own name. Defendants had already been properly served by publication and were therefore legally on notice of the action's commencement. *See Anderson v. Brady*, 6 F.R.D. 587, 587 (E.D.Ky.1947) (the plaintiff was entitled to amendment correcting name of executor where no one was misled, proper party was actually served with process, there was no other executor, and estate owed the amount claimed).

### III. Conclusion

¶ 19 The district court's order denying Reisbeck's C.R.C.P. 60(a) motion is reversed. The case is remanded to the district court with instructions to amend the judgment accordingly.

JUDGE DAILEY and JUDGE DUNN concur.