HAMPSON, Judge.
 

 *404
 

 Factual and Procedural Background
 

 Stephen D. Saieed (Defendant) appeals from an Order to Amend Charging Order (Order) filed on 7 May 2018, amending 4 April 2017 Charging Orders (Charging Order) to reflect that O'Mahoney Holdings, LLC-and not O'Mahoney Holdings, LTD-is the assignee and holder of the Charging Order against corporate entities in which Defendant has an interest. The Record tends to show the following:
 

 *405
 
 On 5 August 2010, the Bank of Hampton Roads (Bank) filed a complaint against Defendant and others, seeking to collect on a
 
 *638
 
 defaulted loan by Brunswick Professional Properties, LLC, on which loan Defendant was a guarantor (10-CVS-3647 Action). On 20 April 2011, the trial court entered its Order Granting Summary Judgment Against all Defendants (Judgment).
 
 [1]
 
 Pursuant to a Purchase Agreement, Bank then assigned the Judgment to "O'Mahoney Holdings, LTD" on 14 March 2016 (Assignment of Judgment). Thereafter, on 4 April 2017, O'Mahoney Holdings, LTD sought and obtained the Charging Order against eight limited-liability companies in which Defendant allegedly had an interest.
 

 After the Charging Order was obtained in favor of O'Mahoney Holdings, LTD, a separate lawsuit was filed by O'Mahoney Holdings, LLC against Defendant and various limited-liability companies allegedly associated with Defendant (17-CVS-4280 Action). Sometime after the filing of the 17-CVS-4280 Action, Defendant filed a motion to dismiss apparently alleging,
 
 inter alia
 
 , that O'Mahoney Holdings, LLC was not the holder of the Judgment and therefore not the real party in interest.
 
 [2]
 
 This motion appears to have been based on the fact that the Assignment of Judgment and Charging Order instead named "O'Mahoney Holdings, LTD."
 

 In response, O'Mahoney Holdings, LLC filed its Motion to Correct Order
 
 Nunc Pro Tunc
 
 Based on Misnomer of O'Mahoney Holdings, LLC (Motion to Correct) on 28 February 2018. In its Motion to Correct, counsel for O'Mahoney Holdings, LLC explained that the designation of LTD instead of LLC was a "clerical error" created by the LLC's principal and sole managing member, Matthew F. Collins (Collins), who-since the creation of O'Mahoney Holdings, LLC-believed the corporate descriptor was LTD not LLC. This mistake was repeated by counsel for O'Mahoney Holdings, LLC on all contracts and court documents up until 2018. In its Motion to Correct, O'Mahoney Holdings, LLC sought to amend, pursuant to Rule 60(a) of the North Carolina Rules of Civil Procedure, the Assignment of Judgment, the Charging Order, and all other related court proceedings to correct this misnomer.
 

 On 20 March 2018, the trial court entered an order in the 10-CVS-3647 Action, the 17-CVS-4280 Action, and a separate, related action, finding O'Mahoney Holdings, LLC was not the holder of the Judgment and thus
 
 *406
 
 was not the real party in interest. The trial court noted the Assignment of Judgment was a private contract and that the Charging Order therefore was not subject to revision under Rule 60(a) until the Assignment of Judgment was corrected. The trial court then allowed O'Mahoney Holdings, LLC six months to correct the issues regarding the Assignment of Judgment.
 

 On 23 March 2018, O'Mahoney Holdings, LLC filed an Amendment to the Assignment of Judgment (Amended Assignment of Judgment), which "correct[ed] a scrivener's error contained in the [Purchase] Agreement and [Assignment of Judgment] whereby O'Mahoney Holdings, LLC was inadvertently referred to as O'Mahoney Holdings, Ltd." On 6 April 2018, O'Mahoney Holdings, LLC filed in this 10-CVS-3647 Action its Renewed Motion to Correct Order
 
 Nunc Pro Tunc
 
 Based on Misnomer of O'Mahoney Holdings, LLC (Renewed Motion to Correct) seeking again to correct this misnomer in the Assignment of Judgment, Charging Order, and all related proceedings under Rule 60(a). The same day, O'Mahoney Holdings, LLC filed its Motion for Ratification on Standing seeking to ratify the standing of O'Mahoney Holdings, LLC as the real party in interest in the various actions.
 

 On 7 May 2018, the trial court entered its Order amending the Charging Order under Rule 60(a) "to reflect that O'Mahoney Holdings, LLC is the assignee and holder of the judgment against [Defendant]." The trial court also noted the "Charging Order as amended shall be effective as of the date originally entered." The same day, the trial court entered its Order Addressing Real Party in Interest (Real Party in Interest Order)
 

 *639
 
 finding "O'Mahoney Holdings, LLC is the real party in interest as Plaintiff and that their status as the real party in interest will relate back to the filing of the commencement of this action." On 6 June 2018, Defendant filed his Notice of Appeal from the Order amending the Charging Order. Defendant, however, did not appeal the Real Party in Interest Order.
 

 Issue
 

 The determinative issue on appeal is whether the trial court erred by entering its Order amending the Charging Order to correct a misnomer under Rule 60(a).
 

 Analysis
 

 I. Standard of Review
 

 " Rule 60 motions are addressed to the sound discretion of the trial court and will not be disturbed absent a finding of abuse of discretion."
 

 *407
 

 Lumsden v. Lawing
 
 ,
 
 117 N.C. App. 514
 
 , 518,
 
 451 S.E.2d 659
 
 , 661-62 (1995) (citation omitted). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason ... [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision."
 
 White v. White
 
 ,
 
 312 N.C. 770
 
 , 777,
 
 324 S.E.2d 829
 
 , 833 (1985) (citation omitted).
 

 II. Rule 60(a)
 

 Defendant contends the trial court erred by entering its Order amending the Charging Orders to correct the misnomer under Rule 60(a) for several reasons. First, Defendant claims Rule 60(a) does not allow for correction of a misnomer in a plaintiff's name. Second, even assuming Rule 60(a) permits this change, Defendant argues it cannot apply retroactively or "
 
 nunc pro tunc
 
 ." Third, Defendant asserts the Order is invalid because the superior court judge who entered this Order did not enter the original Charging Order. Lastly, Defendant argues that the doctrines of laches and judicial estoppel prevented the trial court from entering the Order. For the following reasons, we disagree.
 

 Rule 60(a) provides:
 

 Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders.
 

 N.C. Gen. Stat. § 1A-1, Rule 60(a) (2017). Our Court has noted, "The court's authority under Rule 60(a) is limited to the correction of clerical errors or omissions. Courts do not have the power under Rule 60(a) to affect the substantive rights of the parties or correct substantive errors in their decisions."
 
 Hinson v. Hinson
 
 ,
 
 78 N.C. App. 613
 
 , 615,
 
 337 S.E.2d 663
 
 , 664 (1985) (citations omitted).
 

 Our review of decisions from our appellate courts reveals no circumstances where Rule 60(a) has been used to correct a misnomer of a party's name. However, " Rule 60(a) simply codifies the body of law in existence in this State at the time the new rules of civil procedure were adopted."
 
 H & B Co. v. Hammond
 
 ,
 
 17 N.C. App. 534
 
 , 538,
 
 195 S.E.2d 58
 
 , 61 (1973) (citation omitted). Therefore, we look to our pre-enactment case law for guidance.
 

 In
 
 Shaver v. Shaver
 
 , our Supreme Court described a court's power to correct clerical errors as follows:
 

 [T]he court has inherent power to amend judgments by correcting clerical errors or supplying defects so as to
 
 *408
 
 make the record speak the truth. The correction of such errors is not limited to the term of court, but may be done at any time upon motion, or the court may on its own motion make the correction when such defect appears. But this power to correct clerical errors and supply defects or omissions must be distinguished from the power of the court to modify or vacate an existing judgment. And the power to correct clerical errors after the lapse of the term must be exercised with great caution and may not be extended to the correction of judicial errors, so as to make the judgment different from what was actually rendered.
 

 248 N.C. 113
 
 , 118,
 
 102 S.E.2d 791
 
 , 795 (1958) (citations omitted). On the question of the effect of clerical errors in the names and designation of parties, our case law is clear.
 

 *640
 
 "Names are to designate persons, and where the identity is certain a variance in the name is immaterial. Errors or defects in the pleadings or proceedings not affecting substantial rights are to be disregarded
 
 at every stage of the action
 
 ."
 
 Patterson v. Walton
 
 ,
 
 119 N.C. 500
 
 , 501,
 
 26 S.E. 43
 
 , 43 (1896) (citations and quotation marks omitted). We also find the case of
 
 Gordon v. Pintsch Gas Co.
 
 instructive.
 
 178 N.C. 435
 
 ,
 
 100 S.E. 878
 
 (1919).
 

 In
 
 Pintsch Gas Co.
 
 , our Supreme Court affirmed the order of the lower court allowing an amendment, after judgment was entered, correcting and changing the name of the defendant from "Pintsch Gas Company" to "Pintsch Compressing Company," where the true defendant had notice it was the intended defendant and suffered no prejudice as a result of the name change.
 
 Id.
 
 at 438-39,
 
 100 S.E. at 879-80
 
 . The
 
 Pintsch Gas Co.
 
 Court went on to explain: "A misnomer does not vitiate provided the identity of the
 
 corporation
 
 or person ... intended by the parties is apparent, whether it is in a deed,
 
 or in a judgment
 
 , or in a criminal proceeding[.]"
 
 Id.
 
 at 439,
 
 100 S.E. at 880
 
 (emphasis added) (citations and quotation marks omitted);
 
 see also
 

 McLean v. Matheny
 
 ,
 
 240 N.C. 785
 
 , 787,
 
 84 S.E.2d 190
 
 , 191 (1954) ("Ordinarily, under the comprehensive power to amend process and pleadings where the proper party is before the court, although under a wrong name, an amendment will be allowed to cure a misnomer." (citations omitted));
 
 Thorpe v. Wilson
 
 ,
 
 58 N.C. App. 292
 
 , 297,
 
 293 S.E.2d 675
 
 , 679 (1982) ("If ... the effect of amendment is merely to correct the name of a person already in court, there is no prejudice.").
 

 Because our case law prior to the enactment of the North Carolina Rules of Civil Procedure makes clear that a trial court can correct a misnomer in a judgment, we conclude Rule 60(a) may be an appropriate
 
 *409
 
 vehicle for amending a judgment to correct a misnamed party.
 
 See
 

 H & B Co.
 
 ,
 
 17 N.C. App. at 538
 
 ,
 
 195 S.E.2d at 61
 
 (citation omitted). We acknowledge our previous case law dealt with a misnamed
 
 defendant
 
 not a
 
 plaintiff
 
 . However, we see no basis to apply any different rule. Our conclusion is supported by two decisions from our sister states interpreting their corresponding rule in the same manner.
 
 See
 

 Reisbeck, LLC v. Levis
 
 ,
 
 2014 COA 167
 
 , ¶¶ 8-15,
 
 342 P.3d 603
 
 , 604-06 (2014) (upholding amendment of judgment to correct a misnomer in the plaintiff's name from "Reisbeck, LLC" to "Reisbeck Subdivision, LLC," where the record indicated it was an honest mistake, the corrected judgment represented the parties' expectations, no additional or different liability would have been imposed on any existing defendant, and no party previously a stranger to the action would have been added);
 
 Labor v. Sun Hill Indus. Inc.
 
 ,
 
 48 Mass. App. Ct. 369
 
 , 369-73,
 
 720 N.E.2d 841
 
 , 842-44 (1999) (allowing the individual plaintiffs to amend the judgment from "Jan-Art Packaging, Inc.," which was a nonexistent corporation, to "Janet Labor and Arthur Thomas, d/b/a Jan-Art Packaging Co.").
 

 Here, the trial court did not err by allowing O'Mahoney Holdings, LLC's Renewed Motion to Correct. As discussed, Rule 60(a) allows for the correction of a misnomer in a judgment so long as it does not "affect the substantive rights of the parties[.]"
 
 Hinson
 
 ,
 
 78 N.C. App. at 615
 
 ,
 
 337 S.E.2d at 664
 
 (citations omitted);
 
 see also
 

 Patterson
 
 ,
 
 119 N.C. at 501
 
 ,
 
 26 S.E. at 43
 
 (holding a variance in a party's name does not affect a substantive right "where the identity is certain" (citation omitted)). Because O'Mahoney Holdings, LLC's identity is certain, correction of this misnomer does not affect a substantial right of Defendant. Indeed, Defendant does not argue O'Mahoney Holdings, LLC and O'Mahoney Holdings, LTD are distinct, existing entities or that there was any confusion by Defendant regarding the actual identity of the judgment creditor. Moreover, nothing in the record indicates this misnomer was anything but an honest mistake by Collins-the managing member of the LLC, no additional liability is imposed on Defendant by correcting this mistake, and no party previously a stranger to the action was added; therefore, the trial court did not err in allowing O'Mahoney Holdings, LLC's Rule 60(a) Renewed Motion to Correct.
 
 See
 

 Reisbeck, LLC
 
 ,
 
 2014 COA 167
 
 , ¶¶ 8-15,
 
 342 P.3d at 604-06
 
 .
 

 *641
 
 Defendant next argues that, even assuming Rule 60(a) allows this change, it cannot apply retroactively or "
 
 nunc pro tunc
 
 ." In O'Mahoney Holdings, LLC's Renewed Motion to Correct, O'Mahoney Holdings, LLC asked the trial court "for entry of an order
 
 nunc pro tunc
 
 to correct" the misnomer. In its Order, the trial court does not use the phrase "
 
 nunc pro
 

 *410
 

 tunc
 
 ." The Order did, however, state: "The Charging Order as amended shall be effective as of the date originally entered."
 

 We note, "
 
 Nunc pro tunc
 
 orders are allowed only when a judgment has been actually rendered, or decree signed,
 
 but not entered on the record
 
 , in consequence of accident or mistake or the neglect of the clerk[.]"
 
 Long v. Long
 
 ,
 
 102 N.C. App. 18
 
 , 21-22,
 
 401 S.E.2d 401
 
 , 403 (1991) (emphasis added) (citation and quotation marks omitted). Here, the Charging Order was "entered on the record"; therefore, the Order was not and could not have been entered
 
 nunc pro tunc
 
 .
 
 See
 
 id.
 

 (citation and quotation marks omitted). Rather, the Order was entered pursuant to Rule 60(a) following the Amended Assignment of Judgment in order to "make the record speak the truth."
 
 See
 

 Shaver
 
 ,
 
 248 N.C. at 118
 
 ,
 
 102 S.E.2d at 795
 
 . Such an order does not "apply retroactively;" rather, the change simply corrects a clerical error and does not alter the effect of the original Charging Order.
 
 See
 

 Gordon v. Gordon
 
 ,
 
 119 N.C. App. 316
 
 , 318,
 
 458 S.E.2d 505
 
 , 506 (1995) (explaining that correction of a clerical mistake under Rule 60(a) does not "alter[ ] the effect of the original order" (citation omitted)).
 

 Defendant further contends the Order is invalid because the superior court judge who entered this Order did not enter the original Charging Order.
 
 See, e.g.
 
 ,
 
 Calloway v. Motor Co.
 
 ,
 
 281 N.C. 496
 
 , 501,
 
 189 S.E.2d 484
 
 , 488 (1972) (explaining the general rule that "ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action" (citation omitted)). However, as the Official Comment to Rule 60(a) makes clear, "[t]he motion to correct a clerical error need not be made to the same judge who tried the cause." N.C. Gen. Stat. § 1A-1, Rule 60(a) cmt. Therefore, the trial court could and did properly enter the Order.
 

 Lastly, Defendant argues the doctrines of laches and judicial estoppel require reversal of the Order. With regard to the doctrine of laches, our Court has held: " Rule 60(a) provides no time limit for the correction of clerical errors. In fact, the rule states that such errors may be corrected 'at any time.' "
 
 Gordon
 
 ,
 
 119 N.C. App. at 319
 
 ,
 
 458 S.E.2d at 507
 
 . Therefore, the doctrine of laches is inapplicable. As for the doctrine of judicial estoppel, Defendant failed to raise judicial estoppel before the trial court; therefore, we need not address this argument.
 
 See
 

 Bailey & Assocs. Inc. v. Wilmington Bd. of Adjust.
 
 ,
 
 202 N.C. App. 177
 
 , 195,
 
 689 S.E.2d 576
 
 , 589 (2010) ("[Appellant's] failure to raise the issue of [judicial] estoppel before the [trial court] effectively ... precludes this Court from considering [appellant's] estoppel claim."). Nevertheless, even assuming this argument is preserved, we find the doctrine inapplicable
 
 *411
 
 because O'Mahoney Holdings, LLC's "inconsistent position," that its corporate descriptor was LLC instead of LTD, "was based on inadvertence or mistake."
 
 See
 

 Whitacre P'ship v. Biosignia, Inc.
 
 ,
 
 358 N.C. 1
 
 , 30,
 
 591 S.E.2d 870
 
 , 889 (2004) (citation and quotation marks omitted) ("Thus, it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." (citation and quotation marks omitted)).
 

 Conclusion
 

 Accordingly, for the foregoing reasons, we affirm the trial court's Order amending the Charging Order to correct the misnomer under Rule 60(a).
 

 AFFIRMED.
 

 Judges STROUD and YOUNG concur.
 

 [1]
 

 This Judgment was also against Defendants Lucien S. Wilkins and Howard F. Marks, Jr.; however, these two Defendants are not parties to this appeal.
 

 [2]
 

 The motion to dismiss the 17-CVS-4280 Action is not included in this Record. However, the trial court's order on this motion was also entered in the 10-CVS-3647 Action and is included in the Record.