MAY FRENCH EDENS v. CAROLINA FREIGHT CARRIERS CORPORATION AND STERLING EUGENE SMITH.

(Filed 11 December, 1957)

**Automobiles §§ 42g, 45—Evidence held to show contributory negligence as matter of law in failing to yield right of way at intersection.**

> Plaintiff's evidence disclosing that she was traveling on the servient highway and entered the intersection when the vehicle traveling on the dominant highway, approaching from her right, was not more than 28 feet from her line of travel, shows as a matter of law contributory negligence constituting a proximate cause of the collision, and fails to show that the operator of the other vehicle, after he saw or by the exercise of due care should have seen that plaintiff was not going to stop and yield the right of way, then had sufficient time, in the exercise of due care, to stop and avoid the collision, and therefore the doctrine of last clear chance is not applicable.

APPEAL by plaintiff from *Rousseau, J.,* May 13, 1957, Civil Term, High Point Division, of GUILFORD.

Personal injury action growing out of an intersection collision on February 14, 1953, about noon, between a Chrysler sedan, operated by plaintiff, and a tractor-trailer unit, owned by the corporate defendant and operated by defendant Smith, its agent.

It was stipulated that, at the intersection involved, Highway 68, the dominant highway, ran north-south, and Highway 534, the servient highway, ran east-west. Approaching the intersection, plaintiff was going west on Highway 534 and Smith was going south on Highway 68. Hence, the tractor-trailer was approaching from plaintiff's right. Too, a "Stop" sign on plaintiff's approach, was located 24 feet east of the east edge of the hard-surfaced portion (20 feet) of Highway 68.

As stated in appellant's brief: "Plaintiff, traveling in a westerly direction on Highway 534, approached its intersection with Highway 68 at approximately 30 to 35 miles per hour, slowed down but did not come to a dead stop as she approached the stop sign, and proceeded into the intersection, coming into collision with defendants' truck, approaching from a northerly direction on Highway 68."

In her complaint, plaintiff alleged that she proceeded to cross Highway 68 at a speed of approximately 20 miles per hour and "had driven across said intersection to a point beyond the center thereof" when the collision occurred.

The left front of the tractor-trailer, traveling in its right lane of Highway 68, a two-lane highway, collided with the right front side of the Chrysler, traveling in its right lane of Highway 534, a two-lane highway. Both vehicles were greatly damaged and plaintiff suffered serious personal injuries.

Upon defendants' motion, at the close of all the evidence, the court entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Schoch & Schoch, T. J. Gold, Sr., and W. B. Byerly, Jr.,* for *plaintiff, appellant.*

*Smith, Moore, Smith, Schell & Hunter* for *defendants, appellees.*

PER CURIAM. Plaintiff, whose testimony related primarily to her injuries and damages, testified that she had no recollection of what occurred from 7 a.m., the morning of February 14, 1953, until she regained consciousness (after the collision) in the hospital that afternoon. The evidence offered by plaintiff as to what occurred on the occasion of the collision was the testimony of the investigating Highway Patrolman, portions of the adverse examination of defendant Smith and the testimony of an engineer as to conditions at the intersection, particularly the distances each driver could have observed a vehicle on the intersecting highway at several stated points in their respective lines of travel.

There was no evidence to support plaintiff's allegation that, prior to crossing Highway 68, she exercised due care to observe and did observe that there was "no vehicle within a distance which might reasonably be expected to menace her safety in crossing Highway 68." Indeed, the evidence tends to show that when plaintiff *entered* the intersection the tractor-trailer was then not more than 27 feet and 6 inches from her line of travel.

When considered in relation to the fact that Highway 68 was the dominant highway, G.S. 20-158, and the fact that the tractor-trailer was approaching from her right, the only conclusion that may be reasonably drawn from the evidence is that plaintiff failed to exercise due care to yield the right of way but instead negligently drove directly across the path of the tractor-trailer. Indeed, plaintiff, in her brief, makes no contention that she was not guilty of contributory negligence.

Irrespective of Smith's negligence, if any, unquestionably plaintiff's negligence was a proximate cause of collision. This suffices to bar recovery herein.

The doctrine of last clear chance, pleaded by plaintiff in her reply, has no application to the factual situation disclosed by the evidence. The evidence is insufficient to support a jury finding that Smith, after he saw or by the exercise of due care should have seen that plaintiff was not going to stop and yield the right of way, then had sufficient time to enable him by the exercise of due care to have stopped the tractor-trailer or otherwise to have acted so as to avoid the collision.

We have reached these conclusions after consideration of the evidence in the light most favorable to plaintiff. Hence, assignments of error directed to the admission over plaintiff's objection of certain evidence offered by defendants have no bearing on the question of nonsuit.

The applicable principles of law are well established and have been frequently stated. There is no need for reiteration. Nor do we deem it appropriate to analyze the evidence in greater detail.

The judgment of involuntary nonsuit is

Affirmed.