IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-96

Filed: 6 September 2016

Robeson County, No. 11 CVS 02984

HSBC Bank USA, National Association, as successor trustee to Bank of America, N.A., successor by merger to LaSalle Bank National Association, as Indenture Trustee under that certain Indenture dated as of February 1, 2005, as the same may be amended from time to time, for the benefit of the SBA and the holders of the Business Loan Express SBA Loan-Backed Notes, Series 2005-1, as their interests may appear subject to the Multi-Party Agreement dated February 1, 2005 by Business Loan Center, LLC solely in its capacity as Servicer, Plaintiff,

v.

PRMC, Incorporated and Zulfiqar M. Khan, Defendants.

Appeal by defendants from order entered 28 May 2015 by Judge Mary Ann Tally in Robeson County Superior Court. Heard in the Court of Appeals 9 June 2016.

> *Nexsen Pruet, PLLC, by David S. Pokela, Brooks F. Bossong, and Brian R. Anderson, and Yarborough, Winters & Neville, P.A., by Garris Neil Yarborough, for plaintiff-appellee.*
>
> *Zulfiqar M. Khan, defendant-appellant pro se.*

ZACHARY, Judge.

Where a corporation cannot appear *pro se*, we dismiss the corporation's *pro se* appeal. Where the trial court carefully considered the arguments of both sides, the trial court did not abuse its discretion in denying Khan's motion to continue. Where defendant guarantor did not establish his right to assert claims on behalf of defendant debtor corporation, defendant guarantor could not assert those claims. Where no

genuine issue of material fact existed, the trial court did not err in granting plaintiff's motion for summary judgment against defendant guarantor.

## I. Factual and Procedural Background

On 2 June 2004, Business Loan Center, LLC (BLC) loaned PRMC, Inc. (PRMC), the amount of $1,950,000.00. Zulfiqar M. Khan (Khan), president and sole shareholder of PRMC, executed an "Unconditional Guarantee" of the amount owed under the note. Khan, in his capacity as president of PRMC, also signed a "Deed of Trust, Assignment of Leases, Rents and Profits, Security Agreement and Fixture Financing Statement," granting BLC a security interest in certain real property, namely a hotel, including all fixtures, and certain personal property, including future personal property to be placed in and connected with the real property. On 20 September 2007, Khan and PRMC (collectively, defendants), executed with BLC an Allonge to the note, which reduced the monthly payment on the note for four months. The Allonge included the following language:

> WHEREAS, BORROWER AND GUARANTOR EACH, AND ANY COMBINATION AND COLLECTIVELY, HEREBY FULLY AND FOREVER REMISE, RELEASE AND DISCHARGE LENDER, AND THEIR OFFICERS, AGENTS AND EMPLOYEES, OF AND FROM ANY AND ALL CLAIMS AND FROM ANY AND ALL OTHER MANNER OF ACTION AND ACTIONS, CAUSE OR CAUSES OF ACTION, RIGHTS, CLAIMS, COUNTERCLAIMS, DEFENSES, SUITS, SET OFFS, DEBTS, DUES, SUMS OF MONEY, ACCOUNTS, COVENANTS, CONTRACTS, CONTROVERSIES, OBLIGATIONS, LIABILITIES, AGREEMENTS,

PROMISES, VARIANCES, TRESPASSES, DAMAGES, JUDGMENTS, LIENS, CLAIMS OF LIEN, LOSSES, COSTS, EXPENSES, JUDGMENT BONDS, EXECUTION AND DEMANDS OF EVERY NATURE AND KIND WHATSOEVER, IN LAW AND IN EQUITY, EITHER NOW ACCRUED OR HEREAFTER MATURING, WHICH ANY OF THEM HAD, MAY HAVE HAD, OR NOW HAVE, OR CAN, SHALL OR MAY HAVE, FOR OR BY REASON OF ANY MATTER, CAUSE OR THING WHATSOEVER, TO AND INCLUDING THE DATE HEREOF, ARISING OUT OF OR CONNECTED IN ANY WAY WITH THE INSTRUMENTS REFERENCED IN THE RECITALS, LENDER'S, AND/OR THEIR AGENTS', CONDUCT AND ACTIONS WITH RESPECT THERETO AND LENDER'S GENERAL BUSINESS RELATIONSHIP WITH ANY OF THEM, INCLUDING, BUT NOT LIMITED TO, THE NEGLIGENCE, OF LENDER; PROVIDED, HOWEVER, LENDER IS NOT RELEASED FROM ITS OBLIGATIONS UNDER THIS AGREEMENT.

On 10 July 2008, defendants and BLC executed a Deferral Agreement in which BLC granted PRMC's request for a two month deferral on payments. This agreement contained another release of claims, counterclaims and defenses, in bold print.

On 30 September 2008, BLC filed for bankruptcy. On 2 September 2010, BLC filed its plan of reorganization, which was confirmed on 12 November 2010 and became effective on 29 November 2010. BLC served defendants with notice of the case and important bankruptcy proceedings, but neither PRMC nor Khan filed a proof of claim.

Thereafter, PRMC defaulted on the note. BLC instituted foreclosure proceedings under the note, and in order to prevent foreclosure, defendants executed

a Forbearance Agreement with BLC on 1 October 2009. In the Forbearance Agreement, there was another release of claims, with similar language and in similarly bold typeface.

On 1 November 2010, PRMC filed for bankruptcy. In its Schedule A filing, PRMC declared the amount of secured interest in its real property to be $2,050,293.81. On the Schedule B filing of personal property, PRMC listed no present or future legal claims as assets. On 21 April 2011, BLC's successor in interest, HSBC Bank USA (HSBC), filed a motion for relief from the automatic stay, noting that the property was worth less than the debt. On 3 June 2011, the bankruptcy court entered a consent order modifying the automatic stay, recognizing that HSBC's security interest was perfected and that the property constituted "cash collateral," and lifting the automatic stay with respect to the property. On 17 October 2011, the bankruptcy court dismissed the bankruptcy case with prejudice.

On 20 October 2011, HSBC brought an action against defendants, alleging default of the agreement by PRMC and default of the guaranty by Khan, and seeking monetary damages.

On 26 October 2011, HSBC brought an action to foreclose on the note and deed, alleging another default. Defendants did not appeal from the resultant findings and order. The property was ultimately sold by the trustee at public auction.

On 3 January 2012, defendants filed answer and counterclaims to HSBC's complaint, seeking dismissal, asserting multiple defenses, alleging breach of fiduciary duty by HSBC, and seeking damages. On 14 May 2014, HSBC filed an amended reply to defendants' counterclaims. On 2 June 2014, defendants filed an amended motion to dismiss, answer, and counterclaim.

On 24 June 2014, HSBC filed a motion for summary judgment, and included copies of the BLC bankruptcy proceeding, the PRMC bankruptcy proceeding, the Allonge, and the PRMC receivership and foreclosure proceedings. On 4 August 2014, hearing on this motion was continued at the request of defense counsel. On 23 February 2015, HSBC filed a notice of hearing on its motion. On 3 March 2015, defendants filed a motion to continue the hearing on HSBC's motion, alleging HSBC's failure to comply with discovery. On 10 March 2015, the trial court continued the hearing until 20 March 2015.

On 13 March 2015, defense counsel filed a request to withdraw, and moved for a continuance in order for defendants to seek other counsel. On 18 March 2015, the trial court entered an order allowing defense counsel's motion to withdraw, and continuing the case for sixty days.

On 14 May 2015, HSBC filed another notice of hearing on its motion. On 21 May 2015, defendants, now appearing *pro se* through Khan, moved for an additional continuance in order to procure counsel. At the hearing on 27 May 2015, the trial

court denied defendants' motion to continue, and heard HSBC's motion for summary judgment. On 28 May 2015, the trial court entered an order granting summary judgment in favor of HSBC.

From the order granting summary judgment in favor of HSBC, defendants appeal.

## II. PRMC's Appeal

As a preliminary matter, we note that while an individual may appear *pro se* before the court, a corporation is not an individual under North Carolina law, and must be represented by an agent. *Seawell v. Carolina Motor Club*, 209 N.C. 624, 631 184 S.E. 540, 544 (1936) (holding that "[a] corporation cannot lawfully practice law. It is a personal right of the individual,"). Further, a corporation cannot appear *pro se*; it must be represented by an attorney licensed to practice law in North Carolina, pursuant to certain limited exceptions. *Lexis-Nexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002). These exceptions include the drafting by non-lawyer officers of some legal documents, and appearances in small claims courts and administrative proceedings.

The instant case fell within none of these exceptions. The matter now on appeal concerns a trial involving a nearly two million dollar loan. As such, it was error for the trial court to allow PRMC to appear *pro se* through its president, Khan. In addition, we hold that PRMC cannot appear before this Court *pro se*. As such, its

appeal to this Court is not perfected. We will hear Khan's own appeal, as he, as an individual, may proceed *pro se*, but dismiss PRMC's appeal.

### III. Motion to Continue

In his first argument, Khan contends that the trial court erred in denying defendants' motion to continue. We disagree.

### A. Standard of Review

"The standard of review for denial of a motion to continue is generally whether the trial court abused its discretion." *Morin v. Sharp*, 144 N.C. App. 369, 373, 549 S.E.2d 871, 873, *disc. review denied*, 354 N.C. 219, 557 S.E.2d 531 (2001).

"A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason . . . [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

### B. Analysis

Khan contends that, as of the hearing on the motion of PRMC and Khan for further continuance, discovery was yet incomplete. Khan argues that, as a result, a hearing on summary judgment was premature, and the matter should have been continued until discovery was complete.

We note first that this was not the argument Khan made in the motion to continue. The motion stated, simply, that defendants needed time "in order for

defendant to procure counsel and prepare." It was only at the hearing on this motion that Khan raised arguments concerning discovery issues.

At the hearing, Khan stated that he had "spoken with actually a couple of lawyers[,]" and that one had told him that "he is going to look into this case and be able to represent me." Khan went on to explain that he had spoken to multiple attorneys, and that as he was based in Richmond, Virginia, following these proceedings was difficult for him. He also mentioned that his father was suffering from Parkinson's, and that this had kept him preoccupied of late.

In response to the motion, HSBC argued that "this whole series of events is replete with delay by Mr. Khan." HSBC remarked upon the delays resulting from the Forbearance Agreement, the foreclosure, and PRMC's bankruptcy. HSBC then noted that its summary judgment motion had originally been set for 7 July 2014. It was continued, at defendants' request, to 3 March 2015, again to 6 March 2015, and then again to 20 March 2015. HSBC observed further that defendants' attorney handled all appropriate responses, pleadings, and motions before withdrawing. Subsequently, the matter was continued to 27 May 2015. With respect to defense counsel, HSBC noted that the attorney that Khan mentioned was an excellent attorney, but that defendants had already had five attorneys in this case, and the attorney Khan mentioned would be the sixth. HSBC stated that the case itself, which started with a complaint filed 20 October 2011, had been pending for nearly four

years, and had been calendared for five summary judgment hearings. Lastly, HSBC

argued that a hearing wasn't even particularly necessary. HSBC maintained:

> But everything that can be done in this case -- because one of the things, if I'm not mistaken, that you said during this -- during these hearings is we're through filing papers in this. There's no more discovery. There's no more motions. There's no more anything because, you know, the deadlines for -- when you have to file your briefs, the deadlines for when you have to file your affidavits, the deadlines when you have to -- discovery was extended additional time to give him additional time. Your Honor, they're -- and that has been completed.
>
> Your Honor, there is nothing of a factual basis that needs to be considered in this case. All of our defenses come straight from the paperwork itself.

Khan responded by challenging the number of attorneys and the cause of the

delays. He then challenged the discovery issue, arguing that, "We still have questions

and things. Emails -- I have not gotten. I have about thousand [sic] of pages of emails

but they are irrelevant emails talking about the reservation systems among

themselves and all that. We have not gotten an -- one email that -- I have not seen,

ma'am -- if I have missed it, that's -- I'm sorry." Subsequently, the trial court denied

defendants' motion for a continuance. The trial court questioned whether defendants

actually had an arrangement with the lawyer Khan mentioned, observing that "if [the

attorney] was prepared to appear on your behalf, I believe that he would have notified

the Court and opposing counsel even if he could not be here today because that's the

usual method of communication." The trial court determined that "[t]here just comes a point in time when matters need to be resolved one way or the other."

Upon review of the transcript, records, and briefs, we agree. The trial court gave ample consideration to both sides. It expressed sympathy for defendants' position, but noted that the pendency of the case was verging on an unacceptable length. We hold that the trial court's decision was not "manifestly unsupported by reason" or "so arbitrary that it could not have been the result of a reasoned decision." *White*, 312 NC at 777, 324 S.E.2d 833. Accordingly, we hold that the trial court did not abuse its discretion in denying Khan's motion to continue.

This argument is without merit.

### III. Summary Judgment

In his second argument, Khan contends that the trial court erred in granting HSBC's motion for summary judgment. We disagree.

### A. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

### B. Analysis

Khan contends on appeal that BLC, HSBC's predecessor in interest, "acted in such a manner dealing with the Defendants . . . as to constitute intentional wrongdoing and willful misconduct as well as acting in a grossly negligent manner." Khan specifically asserts that an employee of BLC acted as more than a mere lender, creating a fiduciary relationship. As a result, Khan maintains that there was a genuine issue of material fact, and that summary judgment was not appropriate.

Khan's arguments notwithstanding, the issue on summary judgment was not any claim by Khan concerning fraud. In fact, Khan made no counterclaim alleging fraud. Rather, Khan alleged that a fiduciary duty had been created, and was breached. This was, if any, the only factual issue.

More specifically, Khan contended that an employee of BLC had established a fiduciary relationship with PRMC, which was breached, causing injury to PRMC. Khan, as an individual, has not articulated a right to appeal this issue, which we note damages the corporation, not Khan individually.

Ultimately, there is no genuine issue of material fact. PRMC's appeal to this Court has been dismissed; the remaining appellant is Khan, in his individual capacity. Khan, as an individual, has failed to express a right to appeal the issue of a breach of fiduciary duty that damaged PRMC, and therefore has failed to raise a genuine issue of material fact. Accordingly, we hold that there was no genuine issue

of material fact as to whether Khan owed the debt alleged, and the trial court did not err in granting HSBC's motion for summary judgment.

This argument is without merit.

## V. Conclusion

PRMC cannot proceed *pro se* on appeal, and as such PRMC's appeal is dismissed. The trial court did not abuse its discretion in denying Khan's motion to continue. Khan, as an individual, has failed to articulate his right to appeal from summary judgment of a claim for breach of fiduciary duty allegedly damaging PRMC. As a result, we hold that the trial court did not err in granting HSBC's motion for summary judgment.

DISMISSED IN PART, AFFIRMED IN PART.

Judges STEPHENS and McCULLOUGH concur.