DILLON, Judge.
 

 *486
 
 This dispute arose from a contractual relationship between Plaintiffs and Defendants. Plaintiffs are the owners of a restaurant in Winston-Salem. Defendant Zhou is the owner and operator of Defendant Seven Seas Contractors, Inc. ("Seven Seas"). All parties have appealed from separate orders of the trial court. Defendants appeal from judgment entered upon a jury verdict finding that Plaintiffs were entitled to damages for fraudulent acts committed by Defendants. Plaintiffs appeal from the trial court's order denying Plaintiffs' request for attorney's fees.
 

 I. Background
 

 The evidence presented at trial tended to show as follows:
 

 In 2014, Plaintiffs entered into an agreement with Defendants to convert property owned by Plaintiffs into a restaurant. Defendant Zhou held himself and his company out to be a licensed general contractor, despite the fact that Defendants held no such license. Rather, Defendant Zhou intended to obtain the necessary permits under the name of an acquaintance who purportedly was licensed.
 

 At some point during the project's progress, the City became aware that Defendant Zhou was performing the project work without supervision of a licensed contractor. At a meeting with the City, Defendant Zhou indicated that he would have no problem finding another contractor under whom he could complete the project. Plaintiffs, however, decided to terminate the contract.
 

 *460
 
 In February 2015, Plaintiffs filed a complaint against Defendants, alleging that Defendants had failed to perform the work pursuant to the contract, despite Plaintiffs' payment of $60,000; that Defendant Zhou was not, in fact, a licensed general contractor, despite his representation that he was; and that Defendants did not obtain the proper permits to start and complete the project.
 

 In April 2015, after the time to answer had expired, but before any default had been entered, Defendant Zhou filed and served a document
 
 pro se
 
 which responded to Plaintiffs' allegations. Shortly thereafter,
 
 *487
 
 Plaintiffs sought an entry of default against both Defendants. The clerk of court, however, entered default
 
 only
 
 against Defendant Seven Seas. The trial court later denied Defendant Seven Seas' motion to set aside the entry of default.
 

 After a jury trial, the trial court entered judgment in favor of Plaintiffs, finding both Defendants liable for fraud, unfair and deceptive trade practices, and punitive damages. The jury awarded Plaintiffs $76,000 in compensatory damages and $5,000 in punitive damages. The trial court determined that, as a matter of law, Defendants' misrepresentations violated the provisions of Chapter 75 of our General Statutes, and therefore that Plaintiffs were entitled to a trebling of the compensatory damages.
 
 See
 

 N.C. Gen. Stat. § 75-1.1
 
 (2015). Accordingly, the trial court entered a treble damage award of $201,000
 
 [1]
 
 in favor of Plaintiffs. Defendants appealed.
 

 After trial, Plaintiffs filed a motion for costs and a motion for attorney's fees. The trial court allowed the motion for costs but denied the motion for attorney's fees. Plaintiffs appealed.
 

 II. Analysis
 

 A. Defendants' Appeal
 

 1. Motion for Directed Verdict
 

 At the close of Plaintiffs' evidence, Defendants moved for directed verdict on Plaintiffs' fraud claim, arguing that Plaintiffs' reliance upon Defendant Zhou's representation that he was a general contractor was unreasonable. The trial court denied the motion. On appeal, Defendants contend that this was error. We disagree.
 

 "The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury."
 
 Davis v. Dennis Lilly Co.
 
 ,
 
 330 N.C. 314
 
 , 322,
 
 411 S.E.2d 133
 
 , 138 (1991). In addition, where the question of granting a directed verdict is a close one, our Supreme Court has instructed that "the better practice is for the trial court to reserve its decision on the motion and allow the case to be submitted to the jury."
 
 Turner v. Duke Univ.
 
 ,
 
 325 N.C. 152
 
 , 158,
 
 381 S.E.2d 706
 
 , 710 (1989).
 

 *488
 
 In order to establish a claim for fraud in North Carolina, a plaintiff must show, in part, that his reliance on the allegedly false representation made by the defendant was
 
 reasonable
 
 .
 
 See
 

 Forbis v. Neal
 
 ,
 
 361 N.C. 519
 
 , 526-27,
 
 649 S.E.2d 382
 
 , 387 (2007). Here, for the following reasons, we conclude that the trial court properly denied Defendants' motion for directed verdict, allowing the jury to decide the issue of whether Plaintiffs' reliance was reasonable.
 
 See
 

 id.
 

 at 527
 
 ,
 
 649 S.E.2d at 387
 
 (stating "[t]he reasonableness of a party's reliance is a question for the jury, unless the facts are so clear that they support only one conclusion").
 

 Defendants argue that Plaintiffs' reliance on Defendant Zhou's representation that he held a general contractor's license was not reasonable in light of the fact that Defendant Zhou displayed an
 
 electrician's
 
 license during a conversation involving his certifications. However, there was also evidence presented that Defendant Zhou told Plaintiff Ke that "he had all the legal paper," that he "had [a] general contractor's license," and that Defendant Zhou showed Plaintiff Ke papers with the State seal and his company
 
 *461
 
 name on them and told Plaintiff Ke that the papers were his general contractor's license. Although the license Defendant Zhou actually displayed was an electrician's license, we conclude that the above evidence, taken as true and considered in the light most favorable to Plaintiffs, was sufficient to withstand Defendants' motion for directed verdict. The issue of whether Plaintiffs were reasonable in relying upon Defendant Zhou's statement that he was a licensed general contractor, despite the fact that he simultaneously displayed an electrician's license, is one for the jury to resolve.
 
 See
 
 id.
 
 ; see also
 

 Johnson v. Owens
 
 ,
 
 263 N.C. 754
 
 , 758,
 
 140 S.E.2d 311
 
 , 314 (1965) (noting that pinpointing "[j]ust where reliance ceases to be reasonable and becomes [ ] negligence and inattention [such] that it will, as a matter of law, bar recovery for fraud is frequently very difficult to determine").
 

 2. Motion to Set Aside Entry of Default
 

 Defendant Seven Seas challenges the trial court's denial of its motion to set aside entry of default.
 

 Defendants were both personally served with Plaintiff's complaint on 11 March 2015. Defendants were required to serve their answers "within 30 days after service of the summons and complaint[.]" N.C. Gen. Stat. § 1A-1, Rule 12(a)(1) (2015). However, two months later, the only response filed with the court was an answer prepared and signed by "Ray Chow."
 
 [2]
 

 *489
 
 On 18 May 2015, Plaintiffs moved for entry of default against both Defendants. A week later, the clerk of superior court entered default against Defendant Seven Seas due to its "fail[ure] to plead or otherwise respond to [Plaintiffs'] Complaint within the time allowed under the North Carolina Rules of Civil Procedure."
 

 Seven months later, in January 2016, at a hearing on Defendant Seven Seas' motion to set aside entry of default, the trial court determined that Defendant Seven Seas had failed to show good cause, and denied the motion.
 

 On appeal, Defendant Seven Seas contends that Defendant Zhou intended his answer to be on behalf of both himself and his company. Indeed, the heading of the answer reads: "Ray Zhou" on one line and "Seven Seas Contractors, Inc." on the next line, followed by an address. Defendants argue that Defendant Zhou, as the owner of Seven Seas Contractors, Inc., had the right to make an appearance in court on Defendant Seven Seas' behalf for the limited purpose of avoiding default. In support of this position, Defendants cite
 
 Lexis-Nexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.
 
 ,
 
 155 N.C. App. 205
 
 , 208,
 
 573 S.E.2d 547
 
 , 549 (2002), which states:
 

 The prevailing rule is that a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law.... [However,] the North Carolina Court of Appeals [has] recognized that a corporation may make an appearance in court through its vice-president and thereby avoid default.
 

 Id.
 

 (citing
 
 Roland v. W&L Motor Lines, Inc.
 
 ,
 
 32 N.C. App. 288
 
 ,
 
 231 S.E.2d 685
 
 (1977) ). Defendants contend that this quotation from
 
 Lexis-Nexis
 
 compels the conclusion that the answer was properly filed on behalf of Defendant Seven Seas.
 

 We conclude that Defendants misconstrue
 
 Lexis-Nexis
 
 . The precise holding in
 
 Lexis-Nexis
 
 was that a corporate officer may
 
 not
 
 represent the corporation in a lawsuit, except in small claims court.
 
 Id.
 
 at 209,
 
 573 S.E.2d at 549
 
 . The above quotation was mere dicta and did not stand for the proposition that a corporate officer could
 
 file an answer
 
 in a lawsuit pending in superior court in order to avoid default. Rather, in
 
 Roland
 
 on which
 
 Lexis-Nexis
 
 relies, we merely held that an officer could make an appearance for a corporation in order to require that any default
 
 judgment
 
 be entered by a judge and
 
 not
 
 by the clerk of court.
 
 See
 

 Roland
 
 ,
 
 32 N.C. App. at 291
 
 ,
 
 231 S.E.2d at 688
 
 (holding that "when a party, or his representative, has appeared
 
 *462
 
 in an action and later defaults,
 
 *490
 
 then [N.C. Gen. Stat. §] 1A-1, Rule 55(b) requires that the judge, rather than the clerk, enter the judgment by default after the required notice has been given").
 

 There is a clear distinction between making an appearance for a corporation and filing an answer for a corporation, as detailed in the case of
 
 Bodie Island Beach Club Ass'n, Inc. v. Wray
 
 ,
 
 215 N.C. App. 283
 
 , 289,
 
 716 S.E.2d 67
 
 (2011). In
 
 Bodie Island
 
 , we articulated the exceptions to the general rule that "a corporation must be represented by a duly admitted and licensed attorney-at-law" and cannot proceed
 
 pro se
 
 :
 

 The exceptions noted by our court in
 
 Lexis-Nexis
 
 were as follows: [1] a corporate employee, who was not an attorney, could prepare legal documents[;] [2] a corporation need not be represented by an attorney in the Small Claims Division[;] and [3] a corporation may make an appearance in court through its vice-president and thereby avoid default.
 

 Bodie Island
 
 at 289-90,
 
 716 S.E.2d at 74
 
 (internal marks omitted) (citing
 
 Lexis-Nexis
 
 ,
 
 155 N.C. App. at 208
 
 ,
 
 573 S.E.2d at
 
 549 ). We then concluded that an attempt by a doctor to file an answer on behalf of his corporate medical practice did
 
 not
 
 "fit within the exceptions noted by our Court in
 
 Lexis-Nexis
 
 " because the doctor "was not a licensed attorney."
 
 Id.
 
 at 290,
 
 716 S.E.2d at 74
 
 .
 

 Therefore, here, even if Defendant Zhou in fact
 
 intended
 
 to file his answer on behalf of both himself and his corporation, the answer was not a valid response for his corporation because he was not a licensed attorney. Accordingly, it was appropriate for the clerk to enter default pursuant to Rule 55(b) (2015).
 

 We now turn to Defendants' argument that the trial court improperly denied Defendant Seven Seas' motion to set aside entry of default. In evaluating Defendants' argument, we note that on appeal, "[t]he determination of whether an adequate basis exists for setting aside [an] entry of default rests in the sound discretion of the trial judge[,]"
 
 Byrd v. Mortenson
 
 ,
 
 308 N.C. 536
 
 , 539,
 
 302 S.E.2d 809
 
 , 812 (1983), and "the order of the trial court ruling on such a motion will not be disturbed on appeal absent a showing of abuse of that discretion."
 
 Coulbourn Lumber Co. v. Grizzard
 
 ,
 
 51 N.C. App. 561
 
 , 563,
 
 277 S.E.2d 95
 
 , 96 (1981). Further, we note that an entry of default may be set aside for "good cause shown." N.C. Gen. Stat. § 1A-1, Rule 55(d).
 

 *491
 
 Here, Defendant Seven Seas did not file its motion to set aside entry of default until approximately seven months after the default was entered by the clerk. In
 
 First Citizens Bank & Tr. Co. v. Cannon
 
 ,
 
 138 N.C. App. 153
 
 ,
 
 530 S.E.2d 581
 
 (2000), our Court found no abuse of discretion in the trial court's refusal to set aside an entry of default where the defendant filed her motion to set aside almost six months after the entry of default.
 
 First Citizens
 
 ,
 
 138 N.C. App. at 158
 
 ,
 
 530 S.E.2d at 584
 
 . In light of the time elapsed before the motion was filed to set aside the entry of default, we are unable to conclude that the trial court abused its discretion in denying Defendant Seven Seas' motion.
 
 See
 

 Automotive Distributors
 
 , 87 N.C. App. at 608, 361 S.E.2d at 896-97 (requiring this Court to consider whether the defendant was "diligent in pursuit of [the] matter").
 

 B. Plaintiffs' Appeal
 

 Plaintiffs have appealed the trial court's denial of their motion for attorney's fees. Because the decision as to whether to award attorney's fees is discretionary, and because we do not believe the trial court abused its discretion in this case, we hereby affirm the trial court's order denying Plaintiffs' motion for attorney's fees.
 

 Section 75-16.1 of our General Statutes provides that a presiding judge may award attorney's fees against an opposing party found to have willfully violated
 
 N.C. Gen. Stat. § 75-1.1
 
 and who has engaged in "an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit[.]"
 
 N.C. Gen. Stat. § 75-16.1
 
 (2015). And as stated in the statute, "[w]hether to award or deny attorneys' fees is within the sound discretion of the trial judge."
 
 Custom Molders, Inc. v. American Yard Products, Inc.
 
 ,
 
 342 N.C. 133
 
 , 141-42,
 
 463 S.E.2d 199
 
 , 204 (1995). So even where the trial court finds that the elements of
 
 N.C. Gen. Stat. § 75-16.1
 
 have been met, the trial court retains
 
 *463
 
 the discretion to refuse to award attorney's fees.
 
 Willen v. Hewson
 
 ,
 
 174 N.C. App. 714
 
 , 722,
 
 622 S.E.2d 187
 
 , 192 (2005).
 

 Here, while the trial court did find that Defendants' actions constituted unfair and deceptive trade practices, it also found that Defendants did
 
 not
 
 engage in an unwarranted refusal to fully resolve the matter. On appeal, Plaintiffs do not challenge this finding as unsupported by the evidence; rather, Plaintiffs note that the trial court should consider settlement offers by opposing parties in exercising its discretion to award or deny attorney's fees, citing
 
 Washington v. Horton
 
 ,
 
 132 N.C. App. 347
 
 , 350-51,
 
 513 S.E.2d 331
 
 , 334 (1999). We have reviewed the findings and the evidence, and we conclude that the trial court did not abuse
 
 *492
 
 its discretion in refusing to order attorney's fees.
 
 See
 

 Custom Molders
 
 ,
 
 342 N.C. at 141-42
 
 ,
 
 463 S.E.2d at
 
 204 ;
 
 Willen
 
 ,
 
 174 N.C. App. at 722
 
 ,
 
 622 S.E.2d at 192
 
 (2005).
 

 NO ERROR.
 

 Judges ZACHARY and BERGER concur.
 

 [1]
 

 The trial court arrived at the $201,000 figure as follows: The trial court reduced the $76,000 compensatory damage award by $9,000, an amount Plaintiffs already received from two other defendants who settled prior to trial. The trial court then trebled the difference ($67,000) to arrive at the final amount.
 

 [2]
 

 It appears from the record that Defendant Zhou signed his name as "Ray Chow" on his answer to Plaintiffs' complaint.