IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-685

Filed 19 December 2023

Rutherford County, No. 22CVS337

JAMES R. CARCANO and CARCANO REALTY GROUP, LLC, Plaintiffs,

v.

JBSS, LLC, and DAVID BROWDER, LUCY BROWDER, and JASON BROWDER, Defendants.

Appeal by plaintiffs from order entered 20 December 2022 by Judge J. Thomas Davis in Rutherford County Superior Court. Heard in the Court of Appeals 28 November 2023.

*King Law Offices, PLLC, by Alexander M. Sherret, for plaintiffs-appellants.*

*David Browder and Lucy Browder, pro se for defendants-appellees.*

FLOOD, Judge.

James R. Carcano and Carcano Realty Group (collectively, "Plaintiffs") appeal from the trial court's order granting summary judgment in favor of JBSS, LLC ("JBSS"), David Browder, Lucy Browder, and Jason Browder (collectively, "Defendants"). Plaintiffs argue the trial court erred in denying Plaintiffs' motion for summary judgment and granting summary judgment in favor of Defendants because, (A) Plaintiffs sufficiently pled and filed their complaint within the statute of limitations, and (B) Defendants JBSS and Jason Browder did not raise the

affirmative defense of statute of limitations. As explained in further detail below, we affirm in part, reverse in part, and remand.

## I. Facts and Procedural Background

On 12 October 2010, based on a prior civil action, the trial court entered a judgment (the "Initial Judgment") against Defendants, ordering that Defendants were jointly and severally liable to Plaintiffs in the amount of $95,000.00 for breach of contract. The Initial Judgment, however, included an erroneous caption that indicated the parties to whom the judgment was being awarded were "James R. Carcano and the Carcano Family Trust, LLC." On 23 May 2012, the trial court amended the Initial Judgment (the "Amended Judgment"), such that Plaintiffs were properly listed as "James R. Carcano and Carcano Realty Group LLC." The monetary judgment listed in the Amended Judgment was the same as in the Initial Judgment—$95,000.00.

On 29 July 2017, Plaintiffs received a check from Defendant Jason Browder in the amount of $7,000.00 towards the Amended Judgment, and the current Record on appeal contains no evidence of other payments from any Defendant. On 7 April 2022, Plaintiffs filed a complaint (the "Complaint") to "obtain a new Judgment, renewing the [p]rior Judgment for an additional term of ten [] years." In the Complaint, Plaintiffs requested they recover judgment against Defendants for the remaining balance of the monetary judgment as of 1 April 2022. On 12 May 2022, Defendants JBSS, David Browder, and Lucy Browder filed *pro se* an Answer to the Complaint

where they asserted, *inter alia*, Plaintiffs' claim is barred by the ten-year statute of limitations under N.C. Gen. Stat. § 1-47(1) (2021). Defendant Jason Browder was not included in this Answer to the Complaint.

On 2 December 2022, Plaintiffs filed a Motion for Summary Judgment (the "Motion"). This matter came on before the trial court, and on 20 December 2022, the trial court entered an order denying the Motion. In its order, the trial court found, *inter alia*:

> 3. The current action was filed on [7 April 2022], ten years after the [Initial J]udgment, but prior to the [A]mended [J]udgment.
>
> 4. There is nothing in [the Amended Judgment] to indicate that any motion was filed to amend the [Initial J]udgment, nor anything to indicate that [D]efendants were given notice or an opportunity to be heard about the amendment.
>
> . . . .
>
> 6. [P]laintiffs have not set out the legal basis upon which the amendment to the judgment was made, nor cited any authority of the [c]ourt to make such an amendment nineteen months after the [Initial J]udgment. Rule 59(e) of the Rules of Civil Procedure provides that a motion to amend a judgment must be made within [ten] days after the entry of the judgment, which was not done. Rule 60(b)(1) may give authority to amend a judgment to correct the party, however, this provision is limited to one year after the judgment was entered. [P]laintiff[s] do[] not assert the correction was clerical in nature in that [P]laintiff[s] contend[] the statute of limitations should begin after the amended judgment, and the changing of the name of the party in a case, to which is entitled to judgment, would be substantive. Rule 60, however,

provides: "A motion under this section does not affect the finality of a judgment or suspend its operation."

7. While it does not appear the case here, even if [P]laintiff[s] contend[] the correction is merely clerical and corrected under Rule 60(a), the amendment again would not affect the finality of the [Initial J]udgment or suspend its operation.

8. The Judge lacked any jurisdiction or authority to enter the amended judgment, [D]efendants were not given notice of its amendment nor the request to have it amended, the amendment was not timely, and the amendment had no affect [sic] on the finality of the original judgment nor suspend its operation.

Plaintiffs timely appealed.

## II. **Jurisdiction**

As the trial court's granting of summary judgment for Defendants constitutes a final judgment, Plaintiffs' appeal is properly before this Court pursuant to N.C. Gen. Stat. §§ 1-277(a) and 7A-27(b)(3)a. (2021).

## III. **Standard of Review**

"This Court reviews decisions arising from trial court orders granting or denying motions for summary judgment using a de novo standard of review." *Cummings v. Carroll*, 379 N.C. 347, 358, 866 S.E.2d 675, 684 (2021) (citation omitted). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Dallaire v. Bank of America, N.A.*, 367

N.C. 363, 367, 760 S.E.2d 263, 266 (2014) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2021)).

## IV. <u>Analysis</u>

Plaintiffs argue on appeal they: (A) are entitled to summary judgment against Defendants because Plaintiffs sufficiently pled and filed their Complaint within the statute of limitations; and, (B) are entitled to summary judgment against Defendants JBSS and Jason Browder because these Defendants did not properly raise the affirmative defense of the statute of limitations. We address each argument in turn.

## A. Statute of Limitations

In their first issue on appeal, Plaintiffs argue that 23 May 2012—the date the Amended Judgment was entered—is the date of entry for the purposes of the ten-year statute of limitations, and their 7 April 2022 filing of the Complaint was therefore timely. *See* N.C. Gen. Stat. § 1-47(1) (2021); *see Unifund CCR Partners v. Young*, 282 N.C. App. 381, 386, 871 S.E.2d 347, 351 (2022) (providing that under N.C. Gen. Stat. § 1-47(1), "[a]n independent action seeking to renew a judgment must be brought within ten years of entry of the original judgment, and such renewal action can be brought only once"). In support of this contention, Plaintiffs present three sub-arguments: (1) Plaintiffs sufficiently pled their action to renew the judgment entered against Defendants; (2) 23 May 2012[1] is the date of entry for the purpose of the

---

[1] In their Brief, Plaintiffs list 12 May 2012 as the date the trial court entered the Amended Judgment. This is in error as, per the Record, the Amended Judgment was entered on 23 May 2012.

statute, and the statute of limitations window therefore did not run until 23 May 2022; and, (3) the trial court had authority and jurisdiction to enter the Amended Judgment *nunc pro tunc.* As Plaintiffs' third sub-argument is determinative of our statute of limitations analysis, we address this issue.

In arguing the trial court had authority and jurisdiction to enter the Amended Judgment, Plaintiffs specifically contend that the trial court had the power to enter the Amended Judgment *nunc pro tunc* "to ensure the proper order of the court was reflected." Plaintiffs further contend the Initial Judgment did not reflect the order of the trial court because it did not name the proper Plaintiffs, and Plaintiffs therefore could not enforce or collect a judgment to which they were not parties. Plaintiffs' contentions are without merit.

Under the North Carolina Rules of Civil Procedure, a party's motion to alter or amend a judgment "shall be served not later than [ten] days after the entry of the judgment." N.C. R. Civ. P. 59(e). Under Rule 60(b)(1) of the North Carolina Rules of Civil Procedure, a trial court may correct a party's name that was erroneously designated in the court's judgment or order, but this corrective action may be taken only upon a party's motion, to be brought "not more than one year after the judgment, order, or proceeding was entered or taken." N.C. R. Civ. P. 60(b). A motion made under Rule 60(b), however, "does not affect the finality of a judgment or suspend its operation." N.C. R. Civ. P. 60(b).

Absent a proper motion under the Rules of Civil Procedure, a trial court may issue *nunc pro tunc* a corrective judgment or order. Regarding *nunc pro tunc* orders or judgments, this Court has provided:

> A nunc pro tunc order is a correcting order. The function of an entry of nunc pro tunc is to correct the record to reflect a prior ruling made in fact but defectively recorded. A nunc pro tunc order merely recites court actions previously taken, but not properly or adequately recorded. A court may rightfully exercise its power merely to amend or correct the record of the judgment, so as to make the court's record speak the truth or to show that which actually occurred, under circumstances which would not at all justify it in exercising its power to vacate the judgment. However, a nunc pro tunc entry *may not be used to accomplish something which ought to have been done but was not done.*

*K&S Res., LLC v. Gilmore*, 284 N.C. App. 78, 83, 875 S.E.2d 538, 542 (2022) (emphasis added) (cleaned up) (citation omitted); *see Whitworth v. Whitworth*, 222 N.C. App. 771, 778–79, 731 S.E.2d 707, 713 (2012) (holding an amended order was not *nunc pro tunc* where it "essentially created an order with findings of fact and conclusions of law that had not previously existed"); *see also Dabbondanza v. Hansley*, 249 N.C. App. 18, 22, 791 S.E.2d 116, 120 (2016) ("[O]rders may be entered *nunc pro tunc* in the same manner as judgments." (cleaned up) (citation omitted)). Further,

> before a court order or judgment may be ordered *nunc pro tunc* to *take effect on a certain prior date*, there must first be an order or judgment actually decreed or signed on that prior date. If such decreed or signed order or judgment is then not entered due to accident, mistake, or neglect of the clerk, and provided that no prejudice has arisen, the order

or judgment may be appropriately entered at a later date
*nunc pro tunc to the date when it was decreed or signed*.

*Whitworth*, 222 N.C. App. at 778–79, 731 S.E.2d at 713 (emphasis added).

Regardless of the means by which a trial court enters an amended judgment, however,

> [o]n the question of the effect of clerical errors in the names and designation of parties, our case law is clear. Names are to designate persons, and where the identity is certain a variance in the name is immaterial. Errors or defects in the pleadings or proceedings not affecting substantial rights are to be disregarded *at every stage of the action*.

*Bank of Hampton Rds. v. Wilkins*, 266 N.C. App. 404, 408, 831 S.E.2d 635, 639–40 (2019) (citation and internal quotation marks omitted); *see also Gordon v. Pintsch Gas Co.*, 178 N.C. 435, 100 S.E.2d 878, 880 (1919) (holding the defendant did not suffer any prejudice by reason of a misnomer in the trial court's judgment, as "a misnomer does not vitiate [a judgment], provided the identity of the *corporation* or person . . . intended by the parties is apparent, whether it is in a deed, *or in a judgment*, or in a criminal proceeding" (emphasis added) (citations omitted)).

Here, the Initial Judgment was entered on 12 October 2010 and the Amended Judgment on 23 May 2012. There is no Record evidence Plaintiffs filed a motion to amend the Initial Judgment within ten days after its entry, and as such the trial court did not have jurisdiction to enter its Amended Judgment under Rule 59(e). *See* N.C. R. Civ. P. 59(e). As to Rule 60(b)(1), there is nothing in the Record to suggest Plaintiffs moved to amend the Initial Judgment under this Rule, and even if they did,

the function of Rule 60(b) is such that amended judgments do not affect the finality of the prior judgment. *See* N.C. R. Civ. P. 60(b).

As the trial court had no jurisdiction under the North Carolina Rules of Civil Procedure to enter the Amended Judgment, the only means by which the court may have had jurisdiction or authority to enter the Amended Judgment was by entering it *nunc pro tunc*, "to correct the record to reflect a prior ruling made in fact but defectively recorded." *K&S Res., LLC*, 284 N.C. App. at 83, 875 S.E.2d at 542. In review of the Record, however, nowhere in the Amended Judgment did the trial court include language indicating it was *nunc pro tunc*. Additionally, for an amended judgment to be *nunc pro tunc*, the prior judgment must *not have been entered* "due to accident, mistake, or neglect of the clerk," and there is nothing in the Record here that indicates the Initial Judgment was not, in fact, entered. *See Whitworth*, 222 N.C. App. at 778–79, 731 S.E.2d at 713.

Even if the trial court did enter the Amended Judgment *nunc pro tunc*, however, this would actually be to the detriment of Plaintiffs' ultimate argument regarding the statute of limitations. "The function of an entry of nunc pro tunc is to correct the record to reflect a prior ruling made in fact but defectively recorded" and "to make the court's record speak the truth or to show that which actually occurred[.]" *See K&S Res., LLC*, 284 N.C. App. at 83, 875 S.E.2d at 542 (cleaned up). This function is reflected in this Court's articulation of what is required in a *nunc pro tunc* judgment—when appropriately entered, a *nunc pro tunc* judgment is entered "*to the*

- 9 -

*date when it was decreed or signed.*" *Whitworth*, 222 N.C. App. at 778–79, 731 S.E.2d at 713 (emphasis added). It is therefore evident Plaintiffs misapprehend the function of a *nunc pro tunc* judgment; if the Amended Judgment here had been entered *nunc pro tunc*, it would have been dated to 12 October 2010, *the date of the Initial Judgment*. Although Plaintiffs' argument is that, by filing the Complaint on 7 April 2022, they conformed to the ten-year statute of limitations, their contention concerning *nunc pro tunc* defeats their argument in its effect. In fact, to have complied with the statute of limitations, Plaintiffs had to file the Complaint by 11 October 2020, and they failed to do so. *See* N.C. Gen. Stat. § 1-47(1).

Finally, presuming by some procedural mechanism the trial court had jurisdiction to enter the Amended Judgment, we are unpersuaded by Plaintiffs' argument the Initial Judgment did not reflect the order of the court because it did not properly name Plaintiffs. As articulated above, in a judgment, where the identity of a party is clear—be it a person or corporation—a non-consequential variance in the party's name is immaterial. *See Bank of Hampton Rds.*, 266 N.C. App. at 408, 831 S.E.2d at 639–40; *see Gordon*, 178 N.C. at 435, 100 S.E.2d at 880. Here, in the Initial Judgment, Plaintiff, Carcano Realty Group, was erroneously listed as "Carcano Family Trust, LLC," and the Amended Judgment served only to correct this name. Nothing in the Record indicates, at any point in the proceedings, any uncertainty as to Plaintiff Carcano Realty Group's identity. As such, this error in the Initial

Judgment is disregarded. *See Bank of Hampton Rds.*, 266 N.C. App. at 408, 831 S.E.2d at 639–40.

As the trial court did not have jurisdiction to enter the Amended Judgment, and the Initial Judgment did not prejudice Plaintiffs' ability to enforce or collect the monetary judgment, the ten-year statute of limitations ran from the date of entry of the final, Initial Judgment—12 October 2010. *See* N.C. Gen. Stat. § 1-47(1). Plaintiffs filed the Complaint on 7 April 2022, which was more than ten years following the entry of the Initial Judgment and therefore, after the running of the statute of limitations.

Accordingly, Plaintiffs failed to meet their burden of proving the Complaint was timely filed, the trial court was presented with no issues of material fact, and its order of summary judgment in favor of Defendants was proper. *See K&S Res., LLC*, 284 N.C. App. at 81, 875 S.E.2d at 541 ("The question whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. When a defendant asserts the statute of limitations as an affirmative defense, the burden rests on the plaintiff to prove that his claims were timely filed." (citation and internal quotation marks omitted)); *see also Dallaire*, 367 N.C. at 367, 760 S.E.2d at 266. The trial court did not err.

**B. Affirmative Defense**

Plaintiffs argue the trial court erred in denying the Motion and granting summary judgment in favor of Defendants Jason Browder and JBSS, as Jason

Browder did not file an answer and raise the affirmative defense of statute of limitations, and JBSS is a corporation and may not proceed *pro se*. After careful review, we disagree with Plaintiffs' contentions as to Defendant Jason Browder, and agree as to Defendant JBSS.

### 1. Jason Browder

Under North Carolina law, "[t]he bar of the statute of limitations is an affirmative defense and cannot be availed of by a party who fails, in due time and proper form, to invoke its protection." *Schenkel & Shultz, Inc. v. Hermon F. Fox & Assoc., P.C.*, 180 N.C. App. 257, 262, 636 S.E.2d 835, 839 (2006) (quoting *Overton v. Overton*, 259 N.C. 31, 36, 129 S.E.2d 593, 597 (1963)). Here, the Record shows that Jason Browder did not join Defendants JBSS, David Browder, and Lucy Browder in filing their *pro se* Answer to the Complaint, where they asserted the Complaint was barred by the ten-year statute of limitations.

In our *de novo* review of the Record, however, we find Plaintiffs conceded in the Complaint that they have executed a "release of their claim of judgment against only [] Defendant Jason Browder." As such, in moving for summary judgment to renew their prior claim of judgment against Jason Browder, Plaintiffs presented to the trial court no genuine issue of material fact, as Plaintiffs had against Jason Browder no claim of judgment that the trial court may have renewed for an additional term of ten years. *See Dallaire*, 367 N.C. at 367, 760 S.E.2d at 266; *see* N.C. Gen. Stat. § 1-47(1). We therefore hold the trial court did not err in granting summary

judgment in favor of Jason Browder and dismissing with prejudice Plaintiffs' claim against him, and affirm the trial court's order as to Jason Browder.

### 2. Defendant JBSS

As a general rule,

> while an individual may appear *pro se* before [a] court, a corporation is not an individual under North Carolina law, and must be represented by an agent. Further, a corporation cannot appear *pro se*; it must be represented by an attorney licensed to practice law in North Carolina, pursuant to certain limited exceptions. These exceptions include the drafting by non-lawyer officers of some legal documents, and appearances in small claims courts and administrative proceedings.

*HSBC Bank, USA, Nat'l Ass'n v. PRMC, Inc.*, 249 N.C. App. 255, 259, 790 S.E.2d 583, 586 (2016) (citations omitted); *see also Shen Yu Ke v. Heng-Qian Zhou*, 256 N.C. App. 485, 490, 808 S.E.2d 458, 462 (2017) (holding that an entry of default against the defendant corporation was proper where "the answer was not a valid response for [the defendant] corporation because [the corporation's agent] was not a licensed attorney").

Here, in the answer signed and filed by Defendants JBSS, David Browder, and Lucy Browder, David Browder was denoted as representing JBSS in his capacity as manager. As a corporation cannot appear *pro se*, and filing an answer does not fall under the limited exceptions where a corporation need not be represented by an attorney licensed to practice law in North Carolina, JBSS's defense of the statute of limitations was not proper because David Browder is not a licensed attorney. *See*

*HSBC Bank, USA, Nat'l Ass'n*, 249 N.C. App. at 259, 790 S.E.2d at 586; *see also Shen Yu Ke*, 256 N.C. App. at 490, 808 S.E.2d at 462. Accordingly, as it concerns JBSS, it was error for the trial court to enter summary judgment against Plaintiffs and to deny Plaintiffs' claims with prejudice. We therefore reverse the trial court's order as to JBSS.

## V. **Conclusion**

For the reasons aforesaid, we affirm in part the trial court's order, affirm the the order as it concerns Defendant Jason Browder, reverse the order as it concerns Defendant JBSS, and remand to the trial court for further proceedings.

AFFIRMED in part, REVERSED in part, and REMANDED.

Judges TYSON and ZACHARY concur.